Mr. David Eberdt, Director Arkansas Crime Information Center One Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Eberdt:
This is in response to your request for an opinion on three questions concerning Act 989 of 1997, the "Sex and Child Offender Registration Act of 1997." With regard to Act 989, you have presented the following questions:
 1. In light of the registration requirements set forth in section 4 of this act, does section 5(a)(5) apply only to persons who were required to be registered under the "Habitual Child Sex Offender Registration Act" (A.C.A. § 12-12-901 et seq.) or does section 5(a)(5) of this new act apply to anyone who was adjudicated guilty of a sexually violent offense, a sex offense, or an offense against a victim who is a minor prior to the effective date of the act and who is not confined or under supervision on the effective date of this act?
 2. Under sections 5(d) and 6, what documentation, regarding the treatment of a sexually violent predator for a mental abnormality or personality disorder, is the Arkansas Crime Information Center required to maintain in its sex offender registration file? If any, does the Arkansas Crime Information Center have discretion to limit the amount of treatment documentation that it maintains in the sex offender registration file?
 3. Is the Arkansas Crime Information Center authorized to define the term "inactive" as it is used in section 5(b)(1)? If so, may the Arkansas Crime Information Center use the term "inactive" to apply to the registration records of sex and child offenders and sexually violent predators who have completed the 15 or 20 year term of registration, but have not applied to a court to have their registration obligation terminated?
RESPONSE
Question 1 — In light of the registration requirements set forth insection 4 of this act, does section 5(a)(5) apply only to persons whowere required to be registered under the "Habitual Child Sex OffenderRegistration Act" (A.C.A. § 12-12-901 et seq.) or does section 5(a)(5) ofthis new act apply to anyone who was adjudicated guilty of a sexuallyviolent offense, a sex offense, or an offense against a victim who is aminor prior to the effective date of the act and who is not confined orunder supervision on the effective date of this act?
It is my opinion that section (5)(a)(5) applies only to a person who was required to register under the "Habitual Child Sex Offender Registration Act," A.C.A. § 12-12-901 et seq. (repealed), and who was not confined or under supervision on the effective date of Act 989.[1] Generally, section (4) of Act 989 identifies the individuals subject to the registration requirements of the act, and section (5) identifies who is responsible for registering those individuals. Section (4) of Act 989 provides that the registration requirements of the act apply to:
 (1) a person who is adjudicated guilty of a sexually violent offense, a sex offense, or an offense against a victim who is a minor, on or after the effective date of this act;
 (2) a person who is serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt for a sexually violent offense, a sex offense, or an offense against a victim who is a minor, on the effective date of this act;
 (3) a person who is committed following an acquittal on the grounds of mental disease or defect for a sexually violent offense, a sex offense, or an offense against a victim who is a minor, on or after the effective date of this act;
 (4) a person who is serving a commitment as a result of an acquittal on the grounds of mental disease or defect for a sexually violent offense, a sex offense, or an offense against a victim who is a minor, on the effective date of this act; and
 (5) a person who is required to be registered under the "Habitual Child Sex Offender Registration Act", A.C.A. 12-12-901, et seq.
(Emphasis supplied.) Sections (5)(a)(2) and (5)(a)(3) of Act 989 provide that the Department of Correction or Department of Community Punishment shall register a person confined or under supervision on the effective date of the act. Section (5)(a)(5) provides:
 An offender required to register on the basis of an adjudication of guilt prior to the effective date of this act who is not confined or under supervision on the effective date of this act shall register with the local law enforcement agency having jurisdiction no later than thirty (30) days after the effective date of this act.
The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature.Mountain Home Sch. Dist. v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74
(1993). Where the language of a statute is plain and unambiguous, the court will determine legislative intent from the ordinary meaning of the language used. Id. It is clear from reading section (4) that, with regard to persons adjudicated guilty of an offense prior to the effective date of Act 989, the legislature intended for the registration requirements to apply only to a person (1) who was required to register pursuant to the "Habitual Child Sex Offender Registration Act" or (2) who was serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt for a sexually violent offense, a sex offense, or an offense against a victim who is a minor.
The registration procedures set forth in Section (5) are consistent with this conclusion. Sections (5)(a)(2) and (5)(a)(3) provide that the Department of Correction or Department of Community Punishment shall register a person confined or under supervision on the effective date of the act. (Such offenders, of course, are confined or under supervision based upon an adjudication of guilt that occurred prior to the effective date of the act.) With regard to an offender who is not confined or under supervision, section (5)(a)(5) provides that an offender required toregister on the basis of an adjudication of guilt prior to the effective date of the act shall register with the local law enforcement agency. Again, section (4) must be reviewed in order to determine whether a person is "required to register." The only offenders required to register on the basis of an adjudication of guilt prior to the effective date of the act, who are not confined or under supervision on the effective date of the act, are those persons required to register pursuant to the "Habitual Child Sex Offender Registration Act." Thus, section (5)(a)(5) is applicable only to those persons who are required to register under the "Habitual Child Sex Offender Registration Act" and who are not confined or under supervision.
If the legislature intended for the registration requirements of Act 989 to apply to every person adjudicated guilty of a sexually violent offense, a sex offense, or an offense against a victim who is a minor prior to the effective date of the act, then it could have easily so stated. Rather, in section 4(1), the legislature specifically stated that the registration requirements apply to a person adjudicated guilty "on or after the effective date of this act." An individual adjudicated guilty of an offense prior to the effective date of the act is subject to the registration requirements only if the person is serving a sentence of incarceration or other form of supervision or the person is required to register under the "Habitual Child Sex Offender Registration Act." Act 989 of 1997, § 4.
Question 2 — Under sections 5(d) and 6, what documentation, regarding thetreatment of a sexually violent predator for a mental abnormality orpersonality disorder, is the Arkansas Crime Information Center required tomaintain in its sex offender registration file? If any, does the ArkansasCrime Information Center have discretion to limit the amount of treatmentdocumentation that it maintains in the sex offender registration file?
Act 989 does not identify the precise documentation that must be maintained regarding the treatment of a sexually violent predator. Section 5(d) of Act 989 provides that the agencies or individuals responsible for registering or updating the registration file of a sexually violent predator shall "obtain documentation of any treatment received for the mental abnormality or personality disorder of the sexually violent predator." All information regarding the offender must be reported to the Arkansas Crime Information Center (ACIC), and the ACIC must enter the information into their record system for maintenance in a central registry. Act 989 of 1997, § 6(a).
Although Act 989 does not identify the precise documentation necessary, it is my opinion that before a treatment provided to a sexually violent predator may be entered in the central registry by the ACIC, the treatment must be confirmed with evidence or decisive information. Documentation means "the act or an instance of the supplying of documents or supporting references or records," and document means "to support with evidence or decisive information." The American Heritage Dictionary Second College Edition (2nd ed. 1985). It is also my opinion that it is within the discretion of the ACIC, as the agency responsible for maintaining the records, to determine whether sufficient evidence has been presented to document any "treatment received for the mental abnormality or personality disorder of the sexually violent predator." The interpretation given a statute by the agency charged with its execution is highly persuasive, and, while it is not conclusive, it will not be overturned unless it is clearly wrong. Arkansas State Med. Bd. v. Bolding,324 Ark. 238, 920 S.W.2d 825 (1996). It should, however, be noted that any treatment received for the mental abnormality or personality disorder, that has been documented, must be maintained in the central registry.
Question 3 — Is the Arkansas Crime Information Center authorized todefine the term "inactive" as it is used in section 5(b)(1)? If so, maythe Arkansas Crime Information Center use the term "inactive" to apply tothe registration records of sex and child offenders and sexually violentpredators who have completed the 15 or 20 year term of registration, buthave not applied to a court to have their registration obligationterminated?
The Arkansas Supreme Court has stated that agency interpretations of statutes are afforded great deference. Arkansas State Med. Bd. v.Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996). It is, however, my opinion that the term "inactive" does not apply to the registration records of offenders who have been registered for the period of time specified in section (19), but who have not applied to a court to have their registration obligation terminated. Section (5)(b)(1) provides:
 The registration file of an offender who is confined in a correctional facility or serving a commitment following acquittal on the grounds of mental disease or defect shall be inactive until the registration file is updated by the Department of Correction or the Department of Human Services, whichever is responsible for supervision.
It is clear that the term "inactive" refers only to the file of an offender who is confined in a correctional facility or who is serving a commitment following an acquittal on the grounds of mental disease or defect. These files remain inactive until they are updated by the Department of Correction or the Department of Human Services; an offender's file must be updated immediately prior to release or following an escape. Act 989 of 1997, § (5)(b)(2). My conclusion is supported by section (8) of Act 989 which provides that the ACIC must mail a verification form, every six months, to any person required to register as a sex or child offender and, every ninety days, to a person required to register as a sexually violent predator. If a person is confined in a correctional facility or serving a commitment following acquittal on the grounds of mental disease or defect, then mailing of the verification form would serve no purpose. Accordingly, the file shall be inactive until updated pursuant to section (5)(b)(2).
With regard to offenders who have not applied to a court to have their registration obligation terminated, it is my opinion that the ACIC must treat these offenders as it would any other offender. Section (19) provides a procedure for an offender to apply to circuit court for an order terminating the offender's obligation to register; however, the offender's obligation to register is not automatically terminated simply because he or she files an application. See Act 989, § 19. Thus, an offender's obligation to register, as well as the corresponding obligations imposed upon the ACIC, continues until a court grants an order terminating the obligation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 989 of 1997 did not contain an emergency clause or a specified effective date; therefore, it became effective on August 1, 1997. See
Op. Att'y Gen. 97-144.