ARKANSAS STATE MEDICAL BOARD *v.* Scott L. BOLDING, D.D.S., and Springdale Memorial Hospital Association, Inc.

95-728 920 S.W.2d 825

Supreme Court of Arkansas
Opinion delivered April 29, 1996

*Cearley Law Firm*, by: *Robert M. Cearley, Jr.*, for appellant.

*Everett, Mars & Stills*, by: *Thomas A. Mars*, for appellee Scott L. Bolding, D.D.S.

*Cypert, Crouch, Clark & Harwell*, by: *Charles L. Harwell*, for appellee Springdale Mem. Hosp. Ass'n, Inc.

BRADLEY D. JESSON, Chief Justice. The appellant, Arkansas State Medical Board ("Medical Board") brought suit against appellees Scott Bolding, D.D.S., a dentist, and the Springdale Memorial Hospital Association, Inc. ("Hospital"). The Medical Board sought to enjoin Dr. Bolding from engaging in the unlawful practice of medicine, and the Hospital from aiding and abetting Dr. Bolding's unlawful practice of medicine on its premises. The trial court granted summary judgment in favor of Dr. Bolding and the Hospital on the grounds that Dr. Bolding was practicing dentistry under the authority granted to him by the Arkansas State Board of Dental Examiners ("Dental Board"). Because the Dental Board had not been joined as a party defendant, the trial court reasoned that it could not grant the relief requested by the Medical Board without exposing Dr. Bolding to inconsistent determinations by two different state agencies. While we agree that the Dental Board was a necessary party, we hold that the trial court erred in granting summary judgment and reverse and remand.

The facts as set out in the Medical Board's complaint are as follows. The Medical Board, established pursuant to Ark. Code Ann. § 17-95-301 (Repl. 1995), is the licensing and regulatory authority for the practice of medicine within the State. Pursuant to Ark. Code Ann. § 17-95-402 (Repl. 1995), the Medical Board may seek an injunction in chancery court against any person who attempts to practice medicine without a license. The "practice of medicine" includes "[p]erforming any kind of surgical operation upon a human being." Ark. Code Ann. § 17-95-202(2)(E) (Repl. 1995).

The Medical Board alleged that Dr. Bolding had been granted privileges at the Hospital to perform medical procedures that he was not licensed by the Medical Board to perform. Particularly, these procedures included blepharoplasties (eyelid surgeries), rhytidectomies (facelifts), rhinoplasties (nose surgeries), otoplasties (ear sur-

geries), scalp surgeries, and cleft lip repairs. According to the Medical Board, these procedures are reconstructive plastic surgical procedures that require specialized medical training and a medical license to perform. The Medical Board sought to enjoin Dr. Bolding from engaging in the unlawful practice of medicine, claiming that his performance of these procedures was detrimental to the health, safety, and welfare of the people of the State of Arkansas. The Medical Board likewise sought to enjoin the Hospital from aiding and abetting Dr. Bolding's unlawful practice of medicine.

Dr. Bolding and the Hospital filed separate answers to the Medical Board's complaint. Though Dr. Bolding admitted to having performed some of the procedures mentioned in the complaint, he claimed that, according to the Dental Board, these procedures constituted the "practice of dentistry," which is exempt under the Medical Practices Act's licensing requirement under Ark. Code Ann. § 17-95-203(3)(A) (Repl. 1995). Both Dr. Bolding and the Hospital responded that the Dental Board was a party whose joinder was required under Ark. R. Civ. P. 19.

Dr. Bolding and the Hospital filed separate motions for summary judgment. Attached to the Hospital's motion was the affidavit of Anne Buss, the Hospital's medical staff coordinator, who averred that she had previously sought and received an opinion from the Dental Board to the effect that the privileges requested by Dr. Bolding were within the American Dental Association's approved definition of oral and maxillofacial surgery, a specialty in which Dr. Bolding was "licensed" by the Dental Board. In response to the motion for summary judgment, the Medical Board submitted the affidavit of Dr. James A. Beckman, a plastic surgeon, who averred that the cosmetic surgeries being performed by Dr. Bolding constituted the practice of medicine, and that blepharoplasties and rhytidectomies did not fall within the practice of dentistry.

Following a hearing on the motions, the trial court announced from the bench that it was granting summary judgment in favor of Dr. Bolding and the Hospital on the basis that the Dental Board was a necessary party. The trial court concluded that, since the Dental Board had not been joined in the lawsuit, it could not grant the relief requested by the Medical Board without exposing Dr. Bolding and the Hospital to inconsistent determinations by two different state agencies. The Medical Board now appeals from the trial court's order granting summary judgment.

■ The Medical Board first argues that the trial court erred in granting summary judgment and effectively dismissing the lawsuit rather than joining the Dental Board as a party under Ark. R. Civ. P. 19, governing joinder of persons needed for just adjudication. That rule provides, in pertinent part:

> (a) Persons to Be Joined If Feasible. A person who is subject to service of process *shall be joined as a party* in the action if *(1) in his absence complete relief cannot be accorded among those already parties,* or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. *If he has not been joined, the court shall order that he be made a party.* If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

(Emphasis added.) Pursuant to this rule, we hold the Dental Board should have been joined as a necessary party, as it is the regulatory agency that is vested with the authority to decide what constitutes the practice of dentistry. Our conclusion is consistent with our previous recognition that officials who are charged with enforcing a statute, rule, or order that is being challenged, or whose presence is needed to afford complete relief to the parties, are necessary parties. *Pulaski County v. Jacuzzi Brothers Div.*, 317 Ark. 10, 875 S.W.2d 496 (1994); *citing* 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil, 1617 (1986); 26 Fed. Proc., L.Ed., 59:116, 117; *IBM Credit Corp. v. Pulaski County*, 316 Ark. 580, 873 S.W.2d 161 (1994).

■ In the present case, Dr. Bolding applied for and allegedly received a "license" from the Dental Board to practice oral and maxillofacial surgery. While a copy of the "license" does not appear in the record, an August 30, 1993, letter from the Dental Board to the Hospital indicates that Dr. Bolding was so licensed on July 6, 1993, and, according to the Board, was "well within the scope of oral and maxillofacial surgery in applying for the privileges he ha[d] requested" at the Hospital, and was allowed by virtue of his training to perform the procedures at issue. As the Medical Board argues that the Dental Board exceeded its authority in expanding the

definition of dentistry beyond its statutory limits, we conclude that joinder of the Dental Board was necessary to afford complete relief to the existing parties under Rule 19. It follows that, under the mandatory language of the rule, *see* Newbern, *Ark. Civil Prac. and Proc.* (2d ed. 1993), § 5-3, the trial court erred in granting summary judgment and effectively dismissing the case with prejudice rather than ordering joinder of the Dental Board. The Medical Board further claims that summary judgment was improper because the case presented both a question of law, whether the Dental Board exceeded its authority by expanding the definition of dentistry beyond its statutory limit, and a question of fact, whether the procedures in question fall within this statutory definition.

 In determining whether summary judgment was proper, we look to the following guideposts recently summarized in *Renfro v. Adkins*, 323 Ark. 288, 295-296, 914 S.W.2d 306, 309-310 (1996):

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

> It is further well-settled that once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.

(Citations omitted.)

 Dr. Bolding and the Hospital ask us to affirm the trial court's decision in light of the Dental Board's letter opinion that Dr. Boldings's requested procedures fall within the practice of dentistry. The "practice of dentistry" is defined in Ark. Code Ann. § 17-82-102(1)(A) (Repl. 1995), and includes:

(i) Examination, diagnosis, treatment, repair, prescription, and surgery of or for any disease, disorder, deficiency, deformity, condition, lesion, injury, or pain of the human oral cavity, teeth, gingivae, and soft tissues; and

(ii) The diagnosis, the surgical and adjunctive treatment of the diseases, injuries, and defects of the human jaws and associated structures.

Ordinarily, agency interpretations of statutes are afforded great deference, even though they are not binding. *Ark. Dep't Human Servs. v. Greene Acres Nurs. Homes*, 296 Ark. 475, 757 S.W.2d 563 (1988); *Arkansas Pub. Serv. Comm'n v. Allied Tel. Co.*, 274 Ark. 478, 625 S.W.2d 515 (1981). We have further held that the interpretation given a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, it should not be overturned unless it is clearly wrong. *Pledger v. Boyd*, 304 Ark. 91, 799 S.W.2d 807 (1990); *Arkansas Contractors Licensing Bd. v. Butler Constr. Co.*, 295 Ark. 223, 748 S.W.2d 129 (1988)(emphasis added). However, we hesitate to afford any special deference to the Dental Board's letter to the Hospital approving Dr. Bolding's requested procedures in light of the scant record before us, especially when we consider the fact that our statute defining the practice of dentistry has not been previously subjected to judicial scrutiny or time-tested agency interpretations. *See State Med. Soc. v. Bd. of Exam. in Podiatry*, 546 A.2d 830 (Conn. 1988).

As mentioned above, Dr. Bolding's "license" to practice oral and maxillofacial surgery is missing from the record. The Dental Board's letter merely indicates that it adheres to the definition of oral and maxillofacial surgery adopted by the American Dental Association:

The specialty of dentistry which includes the diagnosis, surgical and adjunctive treatment of diseases, injuries and defects involving both the functional and esthetic aspects of the hard and soft tissues of the oral and maxillofacial regions.

An explanation of the scope of Dr. Bolding's "license" is also missing from the record. The Medical Board maintains that the practice of a specialty in dentistry is nothing more than a recognition by the Dental Board that a person has met certain certification and educational requirements so that he or she may announce a specialty. The Medical Board further asserts that there is nothing in

the Dental Practices Act that would prohibit a general dentist from performing the procedures at issue in this case. With these matters in mind and in the absence of a fully developed record, we decline to hold as a matter of law that the "practice of dentistry" or the definition of "oral and maxillofacial surgery" includes such procedures as scalp surgeries, eyelid surgeries, and facelifts.

█ The Medical Board presented the affidavit of Dr. Beckman, a plastic surgeon who averred that the cosmetic surgeries being performed by Dr. Bolding constituted the practice of medicine and that blepharoplasties and rhytidectomies did not fall within the practice of dentistry. Also presented was the deposition of Dr. W. Ray Jouett, Chairman of the Medical Board, who testified that following a meeting at which several plastic surgeons were present, the Board voted to seek an injunction against Dr. Bolding, as it determined he was engaged in the practice of medicine. According to Dr. Jouett, the factual question presented to the Board at the time was not whether the procedures constituted dentistry, but whether they constituted the practice of medicine. We believe that the affidavit of Dr. Beckman and the deposition of Dr. Jouett created a mixed question of law and fact, precluding summary judgment. In evaluating the evidence presented under our standards for reviewing summary judgments, we must conclude that the trial court erred in granting summary judgment in favor of Dr. Bolding and the Hospital.

It is obvious there exists a disagreement between the Medical Board and the Dental Board as to where the practice of dentistry stops and the practice of medicine commences. It is a significant question and one which should only be addressed upon a fully developed record with all necessary parties before the court.

Reversed and remanded.