The Honorable Ted Thomas State Representative 900 South Shackleford, Suite 300 Little Rock, AR 72211-3848
Dear Representative Thomas:
This is in response to your request for an opinion concerning whether the Arkansas Highway Commission may require a permit for the operation of 57' or 57'6"[1] semitrailers in the state of Arkansas. In my opinion, the answer to this question ultimately requires a factual determination concerning whether 57' semitrailers were in actual and lawful use in this state on December 1, 1982, when operating without a permit. Nevertheless, based upon the facts that you have presented, it is my opinion that the Arkansas Highway Commission may require that carriers obtain a permit before legally operating 57' semitrailers in the state.
It is my understanding from your letter that motor carriers operating tractor-semitrailer combinations, where the semitrailers are 57' in length, claim that the requirement that they purchase permits from the State Highway Commission to operate these vehicles in Arkansas is in violation of A.C.A. § 27-35-208 and 49 U.S.C.A. § 31111. You state that prior to December 1, 1982, Arkansas law imposed the requirement for a permit on tractor-semitrailer combinations exceeding 60' in length, but did not have a separate limitation for semitrailer lengths. Ark. Stat. Ann. § 75-816; see also Continental Can Company v. Gray, LR-C-87-70, (E.D. Ark. 1988). Finally, you have included an affidavit by Donald Gatens, past vice president of National Freight, Inc. of New Jersey, in which he states that his company obtained permits to operate 57' 6" semitrailers in Arkansas in the 1970's.
Your question with regard to federal law centers on three provisions of the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C.A. § 2301 et seq., as amended by the Tandem Truck Safety Act of 1984, codified at 49 U.S.C.A. § 31111 et seq. These provisions provide that a State may not prescribe or enforce a regulation of commerce that:
 (A) imposes a vehicle length limitation of . . . less than 48 feet on a semitrailer operating in a truck tractor-semitrailer combination, or less than 28 feet on a semitrailer or trailer operating in a truck tractor-semitrailer-trailer combination, . . .
 (B) imposes an overall length limitation on a commercial motor vehicle operating in a truck tractor-semitrailer or truck tractor-semitrailer-trailer combination;
 (C) has the effect of prohibiting the use of a semitrailer or trailer of the same dimensions as those that were in actual and lawful use in that State on December 1, 1982;
49 U.S.C.A. §§ 3111(b)(1). The First Circuit Court of Appeals has stated that the STAA, as amended, "forbids the states from enacting or enforcing laws that prohibit trucks and trailers of approved length and weight from traveling on the national network, i.e. the system of interstate highways and other federally funded primary routes designated by the Secretary of Transportation." New Hampshire Motor Transport Assn. v. Town ofPlaistow, 67 F.3d 326 (1st Cir. 1995), citing49 U.S.C. § 31111(e).[2] In short, federal law provides that states cannot impose an overall length limitation on a combination, cannot impose a length limitation of less than 48' on a semitrailer, and cannot prohibit the use of a semitrailer of the same dimensions as was in actual and lawful
use in 1982.
The relevant Arkansas law for your question is A.C.A. § 27-35-208
(as amended by Act 307 of 1997), which provides in part:
 (c)(1)(A) No semitrailer or trailer operated on the highways of this state in a truck tractor-semitrailer combination or a truck tractor-trailer combination shall have an overall length, unladen or with load, greater than those lengths that were in actual and lawful use in this state on December 1, 1982.
 (B) The state shall not establish or enforce any regulation which imposes a semitrailer or trailer length limitation of less than forty-eight feet (48') on a semitrailer or trailer unit operating in combination with a truck tractor unit.
In my opinion, A.C.A. § 27-35-208 is consistent with49 U.S.C.A. § 31111, so far as your question is concerned. Arkansas law now addresses the length of a trailer or semitrailer. Arkansas law does not impose a length limitation of less than 48' on trailers or semitrailers, nor does it prohibit the use of a semitrailer of the same dimension as was in actual and lawful use on December 1, 1982.
It is my understanding that you are concerned with whether the Arkansas Highway Commission permit system, in practice, violates both state and federal law by requiring a permit for 57' semitrailers. In short, you assert that 57' semitrailers were in actual and lawful use on December 1, 1982. The law in effect on December 1, 1982, provided that "[n]o combination of truck tractor and semi-trailer operated on the highways of this state shall have an overall length, unladen or with load, in excess of sixty (60) feet." Ark. Stat. Ann. 75-816(c). It is my opinion, based upon the facts presented, that 57' semitrailers were only in actual and lawful use prior to December 1, 1982, if they had a permit. Thus, it is consistent with state and federal law to continue the practice of requiring a permit on such vehicles.
I have found no published case that addresses your specific question; however, Continental Can Company v. Gray, LR-C-87-70 (E.D. Ark 1987), considered the Arkansas permit system. In Gray, the federal district court enjoined the Arkansas State Highway and Transportation Department from requiring a permit on carriers operating tractor-semitrailer combinations where the length of the semitrailer is 53'6" or less. The court determined that prior to December 2, 1982, 53'6" semitrailers were in actual and lawful use in Arkansas in conjunction with tractors where the overall length of the combination did not exceed 60.' The court noted that permits were only required if the vehicle combination exceeded 60' in overall length. The court stated that "[w]hen the length of a semitrailer is authorized by the STAA, a state may not impose restrictions such as day or time or require the approval of permits."Id., citing NY State Motor Truck Ass'n v. City of New York,654 F.Supp. 1521 (S.D.N.Y. 1987). The court concluded that 53'6" semitrailers were legally operated in Arkansas without a permit; therefore, such semitrailers may now be legally operated without a permit, regardless of the overall length of the tractor-semitrailer combination in which it is operated. See National Freight, Inc. v. Larson, 760 F.2d 499 (3rd Cir. 1985). Since some 53'6" semitrailers were legally operated without a permit prior to December 1982, the 53'6" semitrailer falls under the grandfather clause of 49 U.S.C.A. § 31111(b)(1)(C). See 23 C.F.R. § 658, Appendix B (grandfathered semitrailer length for Arkansas is 53'6").
The Second Circuit Court of Appeals, however, has indicated that the general practice of issuing permits on semitrailers of a certain size is not per se in violation of the STAA. Mid-Atlantic Bldg. Systems Councilv. Frankel, 17 F.3d 50, 52 (2nd Cir. 1994).[3] The Eleventh Circuit Court of Appeals stated of the STAA and the grandfather clause [49 U.S.C. § 31111(b)(1)(C)]:
 The legislative history supports the view that if a State had previously issued permits, it would have to continue to allow permits under the same guidelines in effect on December 1, 1982. . . .
 [T]he bill provides that States may not prohibit the use of trailers or semi-trailers of such dimensions as were in actual and lawful use in those States on December 1, 1981 [changed in final bill to 1982]. . . . This provision in the bill simply requires States to continue to allow such vehicles under at least the same ground rules as were in effect on December 1, 1981. It does not force States that have only allowed larger trailers by permit in the past to allow them on an across-the-board basis in the future without special permit. Rather, it is simply an assurance that at least the status quo will be maintained in each State. S.Rep. No. 298, 97th Cong., 1st Sess. 3 (1981). . . .
 STAA keeps the states from prohibiting dimensions of vehicles that previously legally operated. It does not remove the power of the states to limit use, if use was previously limited. . . . Florida can continue to impose the same restrictions as previously imposed and will be justified in doing so under STAA if they are operating under the same ground rules that existed prior to passage of STAA.
 Continental Can Comp., Inc. v. Mellon, 825 F.2d 308, 309-311 (11th
Cir. 1987) (emphasis supplied). Accordingly, the purpose of 49 U.S.C. § 31111(b)(1)(C) is to assure the status quo of 1982, not dissolve the permit system on semitrailers.
Consequently, if Arkansas allowed 57' semitrailers to operate in the state on December 1, 1982, without the need of a permit, then the state cannot now impose a permit on such semitrailers. It is my understanding from the facts presented that 57' semitrailers were operated by permit only on December 1, 1982. It may also reasonably be assumed that no tractors of a 3' length or less existed to allow a tractor and 57' semitrailer combination to fall within the 60' length limitation imposed prior to December 1982. See Ark. Stat. Ann. § 75-816(c) (no combination of truck tractor and semi-trailer shall have an overall length in excess of sixty feet). If these assumed facts prove true, it is my opinion that a permit may legally be required, even though it was the combination length that previously mandated that a 57' semitrailer obtain a permit. If the facts prove otherwise and show that 57' semitrailers did operate without a permit when in combination with a tractor, a court would likely find that 57' semitrailers are grandfathered in under A.C.A. §27-35-208(c)(1)(A) and 49 U.S.C.A. § 31111(b)(1)(C).
My conclusion is supported by the regulations of the Arkansas State Highway Commission, which set the grandfather clause length in Arkansas at 53'6." Ark. Motor Vehicle Traffic Laws AHC Regulations, Overdimensional Movements, sec. III (F) (1992); see also
23 C.F.R. § 658, Appendix B (grandfathered semitrailer length for Arkansas is 53'6"). No permits are required when the length of the semitrailer is 53'6" or less, regardless of whether the overall length exceeds 60.' The regulations only require a permit when the semitrailer length exceeds 53'6" and the overall length exceeds 60.' Agency interpretations of statutes are afforded great deference, even though they are not binding.Arkansas State Med. Bd. V. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996). Further, the interpretation given a statute by the agency charged with its execution is highly persuasive, and, while it is not conclusive, it should not be overturned unless it is clearly wrong. Id.
In short, the state of Arkansas generally cannot restrict the operation of semitrailers that legally operated in Arkansas on December 1, 1982, in a way more restrictive than that applied on December 1, 1982. Thus, it is my opinion that if 57' semitrailers only operated in Arkansas after a permit was obtained, then the present requirement of a permit on these semitrailers is lawful under Arkansas law and the inquired upon provisions of the STAA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB/WR/LS:cyh
[1] For purposes of brevity, all references to 57'6" and 57' semitrailers will be designated as simply 57' semitrailers.
[2] This court went on to state that the STAA "also prohibits states from denying approved trucks and trailers `reasonable access' between the national network and `terminals.'" Id., citing 49 U.S.C. § 31114. The determination of whether the Arkansas permit practice provides reasonable access requires a factual analysis beyond the scope of an Attorney General's opinion.
[3] This court held that restrictions on trucks of a certain size are permissible under STAA, but concluded that since the "STAA does not grant the states unfettered power to restrict travel by trailers over 48 feet in length, the next step in the analysis is to determine whether [the state's] permit restrictions unduly burden commerce." Id.