Judge Robert Edwards, Chair Arkansas Judicial Retirement System Board of Trustees 124 West Capitol, Suite 400 Little Rock, Arkansas 72201
Dear Judge Edwards:
You have requested an Attorney General opinion in response to a question concerning the Tier II Retirement Plan that was established by Act 399 of 1999.
Act 399 established a "Tier II Retirement Plan" for Arkansas judges, to be based upon actual service as a judge. The plan provides for a refund, where due, of the amount paid for purchased service in the previously existing plan, plus interest at a rate of 6%, "compounded" annually. See
Acts 1999, No. 399, Section 1 (A.C.A. § 24-8-705(a)(2). The Act also provides for the payment of additional contributions, where due, plus interest at a rate of 6%, "computed" annually. See Acts 1999, No. 399, Section 1 (A.C.A. § 24-8-705(b)(1).
You indicate that the Board of the Arkansas Judicial Retirement System has determined that the interest to be paid on additional contributions [which is referred to in A.C.A. § 24-8-705(b)(1)], should be "compounded" annually. The Board based this determination on the fact that the interest charge referred to in A.C.A. § 24-8-705(a)(2) is to be compounded annually, as is the interest charge referred to in A.C.A. §24-8-312.[1] In addition, you indicate that Senator George Hopkins, the author of Act 399 of 1999 has stated that the language of A.C.A. §24-8-705(b)(1) was a typographical error, and should have provided for the interest charge to be "compounded" annually.
Accordingly, you have presented the following question:
 Is the Board's determination that the interest charge referred to in A.C.A. § 24-8-705(b)(1) should be compounded annually contrary to other laws or to opinions previously rendered?
It is my opinion that the Board's determination is not contrary to other laws or to opinions previously rendered.
No Arkansas or federal laws would prohibit the interpretation that the Board has placed on A.C.A. § 24-8-705(b)(1). Moreover, no Arkansas Attorney General has rendered an opinion that would contradict the Board's determination with regard to this matter.
It is a well-established principle in Arkansas law that the courts will give great deference to the interpretation that is given to a statute by an administrative agency that is charged with its implementation. That interpretation will not be overturned unless it is clearly wrong. Ark.State Medical Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996).
For these reasons, I conclude that the Board's determination concerning A.C.A. § 24-8-705(b)(1) is not contrary to law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] Your correspondence actually referred to "A.C.A. § 24-8-212." I find no reference in A.C.A. § 24-8-212 to interest charges. I therefore assume that you intended to refer to A.C.A. § 24-8-312.