Mr. Bill Van Cleve, Executive Director Arkansas Public Employees Retirement System One Union National Plaza 124 W. Capitol Suite 400 Little Rock, AR 72201
Dear Mr. Van Cleve:
You have requested an Attorney General opinion concerning the provisions of A.C.A. § 24-3-209, which deals with death benefits.
You have described two scenarios in which death benefits were denied. Both of these cases are currently on appeal to the Board of the Arkansas Public Employees Retirement System (APERS).
The first scenario is one in which an individual was an employee of a county continuously for a period exceeding eight years, but had not been reported to APERS for a period of two years because of an injury suffered on the job. During that period, the individual was on sick leave without pay, drawing workers' compensation benefits, and then social security disability benefits. He was not eligible for disability benefits from APERS during this time period. He then returned to covered employment with the county in September of 1997 and was reported to APERS for a period of three months. He stopped working in November of 1997 because of a heart attack. He died on January 17, 1998 before he could retire. Death benefits were denied, because the individual did not have credit for the 12 months immediately preceding the date he left the payroll.
The second scenario is one in which a county employee left county employment in June of 1996 for private employment. The individual returned to county employment in August of 1997 and was reported to APERS for a period of four months. He then left county employment again in December of 1997 because of an illness and died on April 27, 1998. Death benefits were denied because the individual did not have credit for the 12 months immediately preceding the date he left the payroll.
You indicate that in both of these cases, the results were consistent with the APERS Board's long-standing interpretation of the applicable statute (A.C.A. § 24-3-209).
With regard to these two scenarios, you have asked:
 Was the interpretation that was applied to the above-described scenarios consistent with A.C.A. § 24-3-209?
It is my opinion that the interpretation was not consistent with A.C.A. § 24-3-209.
A.C.A. § 24-3-209 states in pertinent part:
 (a) If an active member with five (5) or more years of credited service, including credited service for the year immediately preceding his death, dies in employer service before retirement, the applicable benefits provided in this section shall be paid, upon written application to the board.
 (b)(1)(A) In the event that a member dies and is not being paid on that date by his employer, due solely to illness incurred before he left the payroll and the death occurs within one (1) year of the last payroll, or if the member's death occurs on or after July 1, 1998, and long-term disability provided by the employer was being paid at the time of death and the date of death is within eighteen (18) months of the last payroll, then the member shall be considered, for purposes of this section, to have died as an active member if all other necessary provisions of this section are met.
 (B) For purposes of computing benefits provided by this section, the deceased member's compensation at the time of death shall be his compensation for the year immediately preceding the cessation of his pay.
 (2)(A) If an active member with five (5) or more years of credited service does not have credited service for the year immediately preceding death due to illness which eventually leads to his death or due to his employer's removing the member from the payroll because of temporary economic conditions of the employer or weather conditions, the active member shall be considered, only for eligibility purposes of this section, to have credited service for the year preceding death.
A.C.A. § 24-3-209 (emphasis added).
The section of the above-quoted statute that is implicated by the scenarios you have described is Section (b)(1)(A). Again, that section states:
 In the event that a member dies and is not being paid on that date by his employer, due solely to illness incurred before he left the payroll and the death occurs within one (1) year of the last payroll . . . the member shall be considered, for purposes of this section, to have died as an active member if all other necessary provisions of this section are met.
A.C.A. § 24-3-209(b)(1)(A).
This section appears to govern the scenarios you described, because in both cases, the members died within 12 months of the last payroll. However, you indicate that the APERS Board has consistently interpreted Section (b)(1)(A) to require that the member have credited service for the 12 months immediately preceding the date on which the member leaves the payroll, in order to qualify for benefits. This interpretation is apparently based upon the language of Section (a) of the statute, which sets forth the general parameters of the statute, including a requirement that a member who dies must have credited service for the year immediately preceding his death.
It is my opinion that an interpretation requiring 12 months of credited service for the 12 months preceding the date on which the employee leavesthe payroll is incorrect. I recognize that an interpretation given to a statute by the agency charged with its execution will generally be upheld unless it is clearly wrong, see, e.g., Arkansas State Med. Bd. v.Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996); it is my opinion that the Board's interpretation of A.C.A. § 24-3-209 is clearly wrong. The plain language of the statute refers to the year preceding the employee'sdeath. There is no reference anywhere in the statute to credited service for the 12 months preceding the date on which the employee leaves the payroll. It is a fundamental rule of statutory interpretation that statutory language should be interpreted just as it reads, giving the words their commonly understood meanings in ordinary usage. See, e.g.,Ford v. Keith, 338 Ark. ___, ___ S.W.2d ___ (July 22, 1999).
I therefore conclude that the two scenarios that you described should be governed by the provisions of A.C.A. § 24-3-209(b)(1)(A), which creates an exception to the requirement of credited service for the year preceding the member's death.[1] Because the employees in both of these situations were not on the payroll due to illness incurred before leaving the payroll, and because both died within one year of the last payroll, it is my opinion that they should be deemed to have died active members and thus entitled to benefits in accordance with A.C.A. § 24-3-209.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Because the requirement refers to credited service for the year preceding the employee's death (rather than to the 12 months preceding the member's leaving the payroll), it is my opinion that Section (b)(1)(A) creates an exception to the requirement. This is so, because it would be impossible to apply the requirement of credited service for the year preceding death to the scenario envisioned by Section (b)(1)(A). Again, Section (b)(1)(A) allows a member to be deemed to have died an active member if he incurs an illness before he leaves the payroll and then dies up to a year later. This section would be meaningless if the member could only reap its benefits if he had credited service for the year preceding his death, since the section is obviously intended to benefit those members who cannot work for the year preceding their death, due to illness. For this reason, it is my opinion that Section (b)(1)(A) creates an exception to the requirement of credited service for the year preceding the member's death.