The Honorable Danny Ferguson State Representative 212 McCollum Drive Forrest City, AR 72335
Dear Representative Ferguson:
You have requested an Attorney General opinion concerning cable television companies and the entities with whom they contract to perform certain upgrades. I am issuing the following opinion in response to your request.
You describe a scenario in which a cable television company is upgrading from a coaxial cable system to a fiber optic system. The cable company owns the cable, but does not own the power or telephone poles, or the rights of way upon which the poles are located. The cable company hires the utility companies to hang the cable on the poles. You have expressed a concern as to whether the companies and individuals who are hired by the cable company to perform this upgrade work constitute "contractors" who would be subject to the licensure and bond requirements of the contractor laws.
Your questions are:
(1) Should a cable television company be considered a utility?
 (2) Does cable television upgrading from coaxial to fiber optics fall under the heading of "other improvement or structure on real or private property," as defined in A.C.A. § 17-25-101?
 (3) Is a company doing the installation of the fiber optics considered a contractor?
 (4) Does A.C.A. § 17-25-101 require a cable company's contactor to be licensed?
RESPONSE
Question 1 — Should a cable television company be considered a utility?
It is my opinion that it is unclear under current law whether a cable television company will be considered a utility for purposes of the contractor laws. However, that lack of clarity may be irrelevant in light of certain other provisions of law, as explained more fully below.
The term "utility" is used extensively throughout the Arkansas Code in a variety of contexts and for various purposes. In some instances, the term "utility" is defined or used in a manner that seems to include cable television companies. See, e.g., A.C.A. § 5-36-104 (regarding theft of services and referring to "utility service such as gas, electricity, water, telephone, or cable television services[.]" In other contexts, the Code expressly excludes cable television companies from the areas normally occupied by "utilities." See, e.g., A.C.A. § 26-26-1802
(excluding cable television systems from the jurisdiction of the Public Service Commission except for property assessment purposes). Under federal law, the Cable Act, 47 U.S.C. § 521, specifically provides that cable systems are not regulable as "utilities" under that act.47 U.S.C. § 541(c).
Because of the wide variance in the use of the term "utility" in the Code, a cable television company may be deemed a utility for some purposes, but not for others.
It appears that you are concerned with the meaning of the term "utility" for purposes of A.C.A. § 17-25-101, which defines the term "contractor" to include those who construct, alter, or repair any "utility" (among other structures). The Arkansas courts have not interpreted that statute, and it is unclear whether the courts, if called upon to do so, would interpret "utility," as used therein, to include cable television systems. I find persuasive arguments both for and against such a conclusion. For example, it could be argued on one hand that the original act in which this language appeared was passed in 1965, prior to the widespread advent of cable television systems, and that it is therefore unlikely that the legislature had cable television systems in mind in using the term "utility." On the other hand, it could be argued that because cable televisions systems have commonly come to be viewed as utilities for numerous purposes, they should be viewed as utilities for purposes of the contractor laws for the same reasons that traditional utilities are included in those laws. In any event, it is unlikely that a court would focus very heavily on this issue, in light of certain other provisions of law.
First, other language in A.C.A. § 17-25-101 is clearly broad enough to include cable television systems. See discussion in response to Question 2, below.
Second, the statutory provisions that govern contractors' bonds define the term "contractor" to include persons and entities who construct, alter, and repair "electric, telephone, or any other type of energy or message transmission lines or equipment[.]" A.C.A. § 17-25-401(a)(1). This language clearly is broad enough to include cable television upgrades.
Third, the Contractors Licensing Board interprets the definitions of "contractor" in both A.C.A. § 17-27-101(a) and in A.C.A. §17-25-401(a)(a) to include persons and entities who construct, alter, and repair cable television systems. This interpretation is reflected in the Board's regulations. See Regulation No. 224-25-5, Outline of Classifications (7) (explicitly listing "Cable TV" as the first item under the licensure classification "Electrical Contracting"). The Arkansas Supreme Court has consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. Culpepper v. Board Of ChiropracticExam., 343 Ark. 467, 36 S.W.3d 335 (2001); Yamaha Motor Corp. v.Richard's Honda Yamaha, 344 Ark. 44, 38 S.W.3d 356 (2001); Ford v.Keith, 338 Ark. 487, 996 S.W.2d 20 (1999); Arkansas State Med. Bd. v.Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996).
For these reasons, it is my opinion that a court would conclude that persons and entities who construct, alter, and repair cable television systems are "contractors" within the meaning of A.C.A. § 17-25-101
(unless otherwise exempt), regardless of whether it deems a cable television company to be a "utility."
Question 2 — Does cable television upgrading from coaxial to fiber optics fall under the heading of "other improvement or structure on real or private property," as defined in A.C.A. § 17-25-101?
It is my opinion that cable television upgrading from coaxial to fiber optics does fall within the statutory language to which you refer.
More specifically, the pertinent part of A.C.A. § 17-25-101 states:
 (a) As used in this chapter, unless the context otherwise requires," contractor" means any person, firm, partnership, copartnership, association, corporation, or other organization, or any combination thereof, who, for a fixed price, commission, fee, or wage, attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, altered, or repaired, under his, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access[.]
A.C.A. § 17-25-101(a) (emphasis added).
The emphasized language above is unambiguous. The Arkansas Supreme Court has consistently held that in the absence of an ambiguity, statutory language should be interpreted just as it reads, giving the words their ordinary and usually accepted meanings in common usage. Bourne v. BoardOf Trustees, 347 Ark. ___, ___ S.W.3d ___ (November 15, 2001). Under ordinary and usually accepted meaning in common usage, there is no question that an upgrade of a cable system from coaxial to fiber optics would constitute an "improvement or structure on public or private property for lease, rent, resale, public access."
The significance of this conclusion, of course, is that a person or entity who performs such an upgrade would therefore constitute a "contractor" within the meaning of the statute, and must, accordingly, obtain a contractor's license (unless otherwise exempt from this requirement).
Question 3 — Is a company doing the installation of the fiber optics considered a contractor?
As discussed in response to Questions 1 and 2, and for the reasons stated therein, it is my opinion that a person or entity who performs the installation of fiber optics for a cable television system does constitute a "contractor," within the meaning of that statute.
This conclusion presumes, of course, that no exemptions apply. For example, if the cable company itself performed the work on its own equipment, it would not be subject to the licensure requirements that are imposed upon "contractors."[1] The final phrase of A.C.A. §17-25-101(a) states: "However, when a person or entity acts as a contractor in the construction, erection, alteration, or repair of his own or its own property, such action shall not result in the person or entity being required to obtain a license, but the person or entity must comply with all other provisions of this subchapter." As indicated previously, in the situation that gives rise to your question, the cable television company owns the cable lines, but does not own the power or telephone poles or rights of way. The cable company hires the utility companies to hang the cable on the poles. It is my opinion that this scenario does not activate the above-quoted exemption, because the utility companies that are hired by the cable company are working with cable that they do not own. It is my understanding that utility companies that are hired by cable companies to hang lines on their poles typically obtain corporate contractors' licenses that cover their employees. See
A.C.A. § 17-25-311.[2]
Question 4 — Does A.C.A. § 17-25-101 require a cable company's contactorto be licensed?
Persons and entities who constitute "contractors" within the meaning of A.C.A. § 17-25-101(a) are required under A.C.A. § 17-25-103 to be licensed by the Contractors Licensing Board.
That requirement is stated as follows:
 (a) Any contractor shall be deemed guilty of a misdemeanor and shall be liable to a fine of not less than one hundred dollars ($100) nor more than two hundred dollars ($200) for each offense, with each day to constitute a separate offense, who:
 (1) For a fixed price, commission, fee, or wage, attempts to or submits a bid or bids to construct or contracts to construct, or undertakes to construct, or assumes charge in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair of, or has constructed, erected, altered, or repaired, under his or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure, when the cost of the work to be done or done, in the State of Arkansas by the contractor, including, but not limited to, labor and materials, is twenty thousand dollars ($20,000) or more, without first having procured a license with the proper classification to engage in the business of contracting in this state[.]
A.C.A. § 17-25-103 (emphasis added).
As discussed above, the above-quoted licensure requirement applies to non-exempt contractors who perform contracting work for cable companies.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Under such circumstances, the cable company must undoubtedly negotiate with the utility for access to the poles.
[2] It should be noted that representatives of governmental entities who perform contracting work are exempt from the licensure requirement.See A.C.A. § 17-25-102.