Ms. Linda Longstreth Executive Director Arkansas Professional Bail Bondsman Licensing Board 101 E. Capitol, Suite 117 Little Rock, AR 72201
Dear Ms. Longstreth:
I am writing in response to your request, on behalf of the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board ("Board"), that I reconsider an opinion recently issued in response to the question of whether a licensed bail bondsman could also be a civil process server. I concluded in Attorney General Opinion 2003-092 that this would be contrary to A.C.A. § 16-84-106, which provides:
 No attorney, solicitor, or counselor at law or in equity, clerk, sheriff, chief of police, law enforcement officer, or other person concerned in the execution of any process, shall become a personal guarantor or surety in any criminal proceeding.
A.C.A. § 16-84-106 (Supp. 2001).
In asking that I reconsider this opinion, you state:
 The Board concluded that civil process servers do not have any contact with defendants who would normally require a bail bond and that the bail bond company, not the bail bondsman, becomes the surety for the appearance of the defendant in court when a bail bond is written.
RESPONSE
It is my opinion upon further review that the Board may be correct, as a general matter, in its conclusion that in the case of a corporate surety, the licensed bail bondsman who writes the bond does not "become [the] surety," for purposes of the proscription in A.C.A. § 16-84-106. Factual questions may arise in some instances, however, depending upon the particular bondsman and the ownership of the bail bond company for whom he or she acts. The Board's interpretation of § 16-84-106 withstands scrutiny, in my opinion, in the case of a bondsman who has no ownership interest in the bail bond company. With regard, however, to a bail bondsman who holds an ownership interest in a bail bond company and who is also a process server, I believe the applicability of § 16-84-106 is less clear and may require further interpretation by the Board or legislative clarification.
Attorney General Opinion 2003-092 is thus hereby modified, in recognition of the Board's interpretation of A.C.A. § 16-84-106, but with this caveat regarding a licensed bail bondsman who holds an ownership interest in the professional bail bond company.
As indicated above, Opinion 2003-092 was based upon a reading of A.C.A. § 16-84-106, supra, in light of the definition of "professional bail bondsman" under the licensing statutes, i.e.: "an individual who acts through authority of a professional bail bond company in pledging a bail bond as security in a judicial proceeding[.]") A.C.A. § 17-19-101(6) (Repl. 2001). I reasoned that a licensed bail bondsman acts as the surety on a bail bond, based upon this definition of "professional bail bondsman;" and that consequently, the bail bondsman could not also be a process server without violating A.C.A. § 16-84-106.
This rationale withstands scrutiny if the general denomination of the individual bondsman as the "surety" is decisive for purposes of the proscription in A.C.A. § 16-84-106.[1] Section 16-84-106 states that no person listed therein (including a process server) shall "become a personal guarantor or surety. . . ." You indicate that the Board does not interpret this language as encompassing the bail bondsman who writes the bond because, in the Board's view, the bail bond company, rather than the individual bondsman, "becomes the surety" for the defendant's appearance.[2] It is my opinion, upon further review, that support for this view can be found in the statutes, particularly when A.C.A. §16-84-106 is placed in historical context. The predecessor to this provision (found at A.C.A. § 16-84-103 (1987)) stated:[3]
 No attorney, solicitor, or counselor at law or in equity, clerk, sheriff, or other person concerned in the execution of any process, shall become bail in any criminal case. [Emphasis added.]
The proscription was obviously directed at the person who was, as expressed elsewhere in the statutes at that time, "offered as bail" or "taken as bail." See A.C.A. § 16-84-102(b) and (c) (1987). This was obviously before the advent of licensed bail bond companies. Similar language may now be found, however, in A.C.A. § 16-84-103 (Supp. 2001), which requires proof and examination on oath to establish the sufficiency of the "person or persons offered as surety. . . ." Id. at subsection (b)(1); see also subsection (c), regarding the sufficiency of the "person . . . taken as surety. . . ." Significantly, these requirements for establishing the sufficiency of the surety do not apply if the surety is a licensed professional bail bondsman. It thus appears that there may be a distinction between a licensed bail bondsman who acts as the surety, and a person who is "offered" or "taken" as surety. The distinction may also be reflected in the fact that the professional bail bondsman actsfor the bail bond company. See, e.g., A.C.A. § 17-19-202(b) (regarding application for a bail bondsman license). The bond is issued by the bailbond company, "by or through its individual licensees." A.C.A. §§17-19-111(b)(1) and -301(d)(1)(A) (regarding fees). The bail bond company license applicant files the letter of credit; and the maximum amount allowed for unsecured bond commitment depends upon the financial condition of the bail bond company.
The legislative history, and certain statutory language, may therefore support the Board's conclusion that the licensed bondsman does not "become a . . . surety," as contemplated by A.C.A. § 16-84-106, when writing a bail bond. It must also be recognized in this regard that the Arkansas courts will give considerable deference to the Board's interpretation of A.C.A. § 16-84-106, and generally will uphold that interpretation unless it is "clearly wrong." See generally Arkansas StateMed. Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996).
A necessary caveat attends this conclusion, however. It appears from your correspondence that the Board has reached its conclusion from a general standpoint, under the assumption that the bail bondsman is distinguishable from the bail bond company when identifying the "surety" for purposes of the proscription in A.C.A. § 16-84-106. If, however, the bondsman holds an ownership interest in the bail bond company, this distinction may be called into question. If the bondsman is, in essence, the so-called "alter ego" of the company, it would seem that the bondsman might properly be viewed as the person who becomes the surety, thus triggering the prohibition in § 16-84-106. I cannot state with certainty what degree of ownership would be necessary to reach this conclusion. In the case of sole ownership of the company by the bondsman, it seems reasonable to conclude that the statutory proscription applies. Short of that scenario, however, the issue is less clear and may require further interpretation by the Board or legislative clarification.
In conclusion, it is my opinion that if challenged, the Board would likely prevail in concluding as a general matter that a bail bondsman does not become a surety for purposes of the proscription in A.C.A. §16-84-106, and that consequently a bondsman generally may also occupy the position of civil process server. Attorney General Opinion 2003-092 is modified to this extent. Questions may arise, however, if the licensed bail bondsman, who also acts as process server, holds an ownership interest in the bail bond company. The applicability of § 16-84-106 in that instance may depend upon the extent of the ownership interest, thus requiring a case-by-case determination.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The statutes governing the taking of bail (A.C.A. § 16-84-101 etseq.) also indicate that as a general matter, it is appropriate to identify the licensed bail bondsman as the "surety." See, e.g., A.C.A. §16-84-103 (a) (Supp. 2001) (stating that "[t]he surety shall be: (1) a professional bail bondsman acting through a professional bail bond company[.]").
[2] The Board also apparently perceives no conflict between a bail bondsman and a civil process server who, the Board states, has no contact with defendants who would normally require a bail bond. I must note, however, that A.C.A. § 16-84-106's prohibition is directed at "person[s] concerned in the execution of any process." (Emphasis added). This language clearly encompasses civil process servers.
[3] Section 16-84-106 (Supp. 2001) derives from Act 417 of 1989, which repealed the former subchapter governing bail, generally.