The Honorable David W. Wyatt State Representative 169 Wyatt Lane Batesville, AR 72501-7862
Dear Representative Wyatt:
I am writing in response to your request for an opinion concerning criminal records checks as a condition for employment of nonlicensed public school personnel. You have asked the following questions in this regard:
 1. Does Act 823 [of 2007] require that each school district conduct a background check on their non-certified personnel?
 2. Would it be permissible for either the school district to share its background check, or as an alternative, may a substitute teacher present a certified copy of the background check to each school district that he or she wishes to be employed [by]?
As background for these questions, you state that your area has several small school districts that share a pool of substitute teachers, and that it would be cost prohibitive for each district to pay for a background check.
RESPONSE
Your first question is properly answered in the negative becauseAct 823 of 2007 does not itself impose a background check requirement. This act instead addresses the matter of employment eligibility after a plea of guilty or nolo contendere to certain enumerated offenses, or a finding of guilt. In my opinion, Act 1573 of 2007 is the relevant act with respect to background checks of nonlicensed public *Page 2 
school personnel.[1] It requires background checks for "initial employment or noncontinuous reemployment" of nonlicensed personnel. See
A.C.A. § 6-17-414(a)(1)(A)(i) (Supp. 2007). Your second question concerning background checks on substitute teachers hired from a "pool" requires reference to A.C.A. § 6-17-414(a), as amended by Act 1573 of 2007, as well as A.C.A. § 6-17-416 (Supp. 2007). As explained below, in my opinion it is possible that a background check will not be required each time the school districts hire from the "pool," but a definitive answer may depend upon the particular circumstances surrounding the districts' employment of these persons. I should also note that according to my understanding, a forthcoming Arkansas Department of Education rule or regulation may bear on the matter.
Question 1 — Does Act 823 require that each school district conduct abackground check on their non-certified personnel?
Act 823 of 2007 amended subsection (b) of A.C.A. § 6-17-414, which addresses the matter of employment eligibility after a plea of guilty or nolo contendere to certain enumerated offenses, or a finding of guilt. As amended by Act 823, this subsection states:
 No person, including without limitation noncertified persons who provide services as a substitute teacher, shall be eligible for employment, whether initial employment, re-employment, or continued employment, by a local school district or education service cooperative in a noncertified staff position if that person has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court. . . .
A.C.A. § 6-17-414(b) (Supp. 2007), as amended by Act 823 of 2007, § 1 (emphasis added).[2] *Page 3 
According to this provision, a person is not eligible for hire or continued employment if he or she has pled guilty or nolo contendere to, or has been found guilty of, one of the listed offenses. It places an obligation on school districts to either refuse or terminate the employment of someone who falls into this category. It does not, however, impose a background check requirement, or otherwise address how a district is to discover this information. The answer to your first question is therefore "no," in my opinion.
The background check requirement with respect to nonlicensed public school personnel is found in subsection (a) of A.C.A. § 6-17-414, as amended by Act 1573 of 2007. See A.C.A. § 6-17-414(a)(1)(A)(i) (Supp. 2007). This statute requires background checks for "initial employment or noncontinuous reemployment" of nonlicensed personnel. The application of this requirement specifically to substitute teachers is discussed below in response to your second question.
Question 2 — Would it be permissible for either the school district toshare its background check, or as an alternative, may a substituteteacher present a certified copy of the background check to each schooldistrict that he or she wishes to be employed [by]?
It must initially be noted that no provision is made in the statutes for the sharing of background checks, either by a school district or the subject of the records check. Each district must instead obtain notification directly from the Department of Education regarding the employment eligibility of an applicant for a nonlicensed position. Subsection 6-17-414(a) provides in relevant part:
 (1)(A)(i) Except as provided in subdivision (a)(1)(C) of this section,[3] the board of directors of a local school district or an education service cooperative shall require as a condition for initial employment or noncontinuous reemployment in a nonlicensed staff position any person making application to apply to the Identification Bureau of the Department of Arkansas State Police for statewide and nationwide criminal records checks, the latter to be conducted by the Federal Bureau of Investigation. *Page 4 
 * * * (2) Upon completion of the criminal records check, the Identification Bureau of the Department of Arkansas State Police shall forward all releasable information obtained concerning the person to the Department of Education, which shall promptly inform the board of directors of the local school district or education service cooperative whether or not the applicant is eligible for employment as provided by subdivision (b)(1) of this section.
A.C.A. § 6-17-414(Supp. 2007) (emphasis added).[4]
As you can see, the background check itself is not released directly to the school district. Instead, subsection 6-17-414(a)(2) directs the Arkansas State Police to provide the criminal background check to the Department of Education, which will then inform the district whether the applicant for nonlicensed employment is eligible. Accord Op. Att'y Gen.2003-057. Additionally, subsection 6-17-414(d)(1) provides:
 Any information received by the Department of Education from the Identification Bureau of the Department of Arkansas State Police pursuant to this section shall not be available for examination except by the affected applicant for employment or his or her duly authorized representative, and no record, file, or document shall be removed from the custody of the Department of Education.
A.C.A. § 6-17-414(d)(1) (Supp. 2007).
Accordingly, the background check document is not available to the district or the affected applicant for sharing or presenting, as contemplated by your question.
I will nevertheless address your question or concern regarding background checks on substitute teachers who are part of a "pool." Subsection6-17-414(a)(1)(A)(i) requires a background check "as a condition for initial employment or noncontinuous reemployment." As a general rule, therefore, a background check *Page 5 
is required when a person initially applies for employment as a substitute teacher. This would seemingly be the case regardless of whether the applicant is part of a "pool" and has substituted in another district that utilizes the pool.
In my opinion, however, consideration must also be given in this regard to another Code section, A.C.A. § 6-17-416 (Supp. 2007). This statute addresses criminal records checks of persons who work for more than one district. This section provides as follows:
 Employees, whether new or existing, who have a contract with or work for more than one (1) school district in one (1) year shall be required to have only one (1) criminal background check to satisfy the requirements of all employing school districts for that year.
A.C.A. § 6-17-416 (Supp. 2007).[5]
We do not have the benefit of case law or administrative regulations addressing this provision. In my opinion, the language is confusing. The word "employees," coupled with what appears to be a present-tense reference to those who "have a contract with or work for" more than one district, might suggest that the statute only applies to persons who are employed by more than one district at the same time. On the other hand, the words "in one (1) year" and "for that year" could indicate that the statute is focused on this time period, and that it applies to someone who has a contract with or works for more than one district during the year, regardless of whether the person worked for one district, left, and then subsequently entered into a contract with or worked for another district.
Upon inquiry, I have been informed that the Arkansas Department of Education interprets A.C.A. § 6-17-416 to apply to employees who concurrently contract with or work for more than one district. This interpretation by the administrative agency, while not conclusive, is entitled to great deference and will not be overturned by the courts unless clearly wrong. See generally Ark. Soil, Water Conserv. v. City ofBentonville, 351 Ark. 289, 92 S.W.3d 47 (2002); Arkansas State Med. Bd.v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996). Because I cannot state that the Department is clearly wrong in construing the statute to apply only in the case of simultaneous employment, the answer to your question concerning background checks on a "pool" of substitute teachers may depend *Page 6 
upon the particular circumstances surrounding the districts' employment of these persons.
I have been provided no information in this regard. Nor has my review of state law revealed any controlling authority. To the contrary, as I recently had occasion to explain, the Arkansas Code is silent as to the method a school district must utilize to obtain substitute teachers. Op. Att'y Gen. 2007-233. One statute, A.C.A. § 6-13-620(a)(4)(C) (Supp. 2007), makes reference to "substitute teachers employed on a daily basis." But as I noted in Opinion 2007-233, this statute does not address substitute teachers employed on some basis other than "daily." It seems possible, therefore, that a substitute teacher might "contract with or work for more than one school district" at the same time so as to trigger A.C.A. § 6-17-416, as interpreted by the Department. Once a background check is performed on such a teacher, then it would appear that no other check will be required "for that year" as a condition of employment of the substitute by any of the districts. In my opinion, however, this will turn on the particular facts.
I lack sufficient facts to speculate further regarding background checks on substitute teachers in a "pool" such as you have referenced. You may wish to contact the Department of Education for further information, as it is my understanding that the Department is in the process of developing a rule or regulation to provide needed guidance in this area. The districts may also wish to consult their local counsel for advice with respect to the employment of these persons.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The terms "certified" and "noncertified" in relation to public school personnel have been replaced by "licensed" and "nonlicensed" throughout Arkansas Code Title 6 concerning public education. See
Acts 2007, No. 1573.
[2] The emphasized language was added to the section by Act 823.
[3] Subsection (a)(1)(C) authorizes school districts created by consolidation, annexation, or detachment to waive the background check requirement for personnel who were employed immediately prior to the consolidation, annexation, or detachment, and who had complete criminal background checks conducted as a condition of their most recent employment. A.C.A. § 14-17-414(a)(1)(C) (Supp. 2005); Acts 2007, No. 1573, § 24.
[4] Act 1573 of 2007 added the emphasized "or noncontinuous reemployment" language to subsection 6-17-414(a)(1)(A)(i). See Acts2007, No. 1573, § 24.
[5] Act 1573 of 2007 reenacted this section of the Code without change. See Acts 2007, No. 1573, § 25.