The Honorable Edwin R. Garner State Representative 4 Pinehurst Way Maumelle, Arkansas 72113
Dear Representative Garner:
I am writing in response to your request for an opinion on behalf of Stephanie M. Webb, regarding payment for her services as the court-appointed receiver of Haven of Rest Cemetery. Ms. Webb reports that she served as receiver from January, 2003, until her resignation in February, 2007. Although the time period of her unpaid services is not entirely clear from the information provided, she relates that her receivership time sheets have been reviewed, and that payment has been ordered by the court. She seeks an opinion "on [her] rights under the law to receive payments for services. . . ." She specifically mentions loans through A.C.A. § 20-17-1025, and recent legislation that allows the Arkansas Cemetery Board to purchase certain cemeteries and partner with local government for operations.
RESPONSE
As a general rule, a claim for receiver's fees is a claim payable from the assets in the hands of the receiver:
The general rule is that costs and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by him in the discharge of his duties, constitute a first charge against the property or funds in receivership . . . this rule governs the payment of operating expenses of a receivership. 45 Am.Jur. Receivers, Sec. 275.
College Club Dairy, Inc. v. Ames, 228 Ark. 852, 855, 311 S.W.2d 532
(1958) (emphasis added).
If in fact the court-ordered fees in question are properly allocated to the receivership, in accordance with the general rule, then it may well be that Ms. Webb may successfully assert her claim against the assets that are collected and maintained by the current receiver. This is a matter to be determined by the court, which I note exercises close supervision and control over the receiver's actions. See Reporter's Notes to ARCP 66. Rule 66 provides:
The receiver shall make a report of his proceedings and actions every six (6) months or at such other times as directed by the court. All moneys or property collected by the receiver shall be accounted for and deposited into court or otherwise be subject to the orders of the court.
ARCP 66.
I am unaware of any avenue for obtaining payment of the receiver's fees, other than through the court exercising jurisdiction over the receivership. With regard to A.C.A. § 20-17-1025, which provides for loans to court-appointed receivers, this statute in my opinion authorizes, but does not require, the Cemetery Board to make such loans. It provides in pertinent part:
On August 1, 2001, the Arkansas Cemetery Board shall segregate one hundred eighty thousand dollars ($180,000) within its general operating fund to be administered by the Securities Commissioner and only used to lend a court-appointed receiver or conservator the funds necessary to assure that a cemetery will be properly maintained and will continue to be a going concern, including the funds necessary to pay any reasonable surety bond premium which is required to be posted by the court.
* * *
The board may waive payment or extend the payment period for any loan made to a receiver or conservator if the board determines that it is unlikely that the receiver or conservator has or will receive sufficient funds to repay the loan and that the funds were or are needed to maintain and operate the cemetery for the benefit of the lot owners and the general public.
A.C.A. § 20-17-1025(a) and (e) (Repl. 2005).
The power extended to the Cemetery Board under this statute is plainly discretionary. Given that the Board is under no obligation to lend funds to a receiver pursuant to subsection 20-17-1025, it must be concluded that this statute is no avenue for obtaining payment of the fees at issue, unless the Board in its discretion determines to make a loan for this purpose.
With regard to the recent legislation mentioned by Ms. Webb, Senate Bill 634, enacted as Act 1667 of 2007, makes an appropriation to the Arkansas Cemetery Board, payable from the General Improvement Fund, as follows:
For cemetery maintenance and operations costs for insolvent, licensed perpetual care cemeteries that have been in court ordered receivership or conservatorship for five (5) years or more and acquisition costs of such cemetery not to exceed one thousand dollars plus any necessary cost associated with the purchase, the sum of. . . . . . . . . $101,000.
Acts, 2007, No. 1667, § 1.
Senate Bill 637, enacted as Act 430 of 2007 and codified at A.C.A. §§ 20-17-1006(11),-1028, and-1029 (Supp. 2007), authorizes the Cemetery Board to "purchase insolvent, licensed perpetual care cemeteries that have been in court ordered receivership or conservatorship for at least five (5) years." Id. at ¶ 1006(11)(A). Act 430 further authorizes the Board to contract with the city or county where the cemetery is located for the cemetery's care, maintenance, and operation. Id. at-1028(a) (Supp. 2007).
The Cemetery Board interprets the above appropriation act to apply if and when an insolvent cemetery is acquired by the Board. I believe this is a reasonable interpretation, particularly given the appropriation's likely correlation to Act 430, the substantive law authorizing the Board to make such a purchase. I also note the well established principle that a court will give considerable deference to an administrative board's interpretation of a statute or regulation it is charged to enforce, and generally will uphold that interpretation unless it is clearly wrong. See Macsteel, Parnell Consultants v. Ark. Ok. Gas Corp., 363 Ark. 22.210 S.W.3d 878 (2005); Ark. Soil, Water Conserv. v. City of Bentonville,351 Ark. 289, 92 S.W.3d 47 (2002); Arkansas State Medical Board v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996).
Accordingly, it appears that the Board may, as a general proposition, apply the appropriated funds to the maintenance and operations costs for a cemetery that the Board has purchased in receivership. While I believe a receiver's fees could generally, at the Board's discretion, be included as part of the operations costs, it must be noted that under the Board's interpretation, no such payment may be provided unless the cemetery is acquired. I have no information to suggest that the Board has purchased Haven of Rest Cemetery. I should further note with regard to the particular fees at issue that there may be some question regarding the application of this appropriation act, given the fact that the fees apparently were incurred in a previous fiscal year. See A.C.A. §§ 19-4-701 — 711. In sum, it seems that applying to the Board for payment of the unpaid receiver's fees will likely offer no relief in this instance.
The foregoing discussion outlines the general legal principles that appear to bear on your question concerning payment of the court-ordered receiver fees in connection with Haven of Rest Cemetery. I should emphasize, however, that I cannot provide legal advice to private parties (see A.C.A. § 25-16-701), and I cannot determine any disputed issues of fact. The foregoing is not intended and should not be interpreted or applied as private counsel in the matter.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1