Josephine. Linker Hart, Justice, concurring. I concur in the result reached by this court, but only because I am constrained by-the doctrine of stare decisis. But for this court’s decision in Ford v. Arkansas Game & Fish Comm’n, 335 Ark. 245, 979 S.W.2d 897 (1998), I would -be writing a dissent. |inIt has been recited more than 800 times in Arkansas appellate court decisions that the first rule of statutory construction is to read the statute just as written, giving each word its customary meaning. See, e.g., Hinton v. State, 2015 Ark. 479, 477 S.W.3d 517. The objective of statutory - construction - is to give effect to the intent of the legislature. Id. Accordingly, the plain language of Arkansas Code Annotated section 25-15-207(d) (Repl. 2014), which states, “A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability, of the rule in question,” this court is required to reverse the circuit court. Inexplicably, the Ford court chose not to follow the clearly stated intent of the legislature to give an aggrieved party direct access'to courts of law where the validity of a rule- established by a regulatory agency or- commission is at issue. The decision to interpose the “common-law exhaustion of remedies” requirement cannot supersede a statute that clearly creates a new cause of action that is independent of the Arkansas Administrative Procedures Act and its attendant -common-law requirements. The plain language of section 25-15-207(d) could not be a clearer statement of-legislative intent. There has been a -proliferation of quasi-judicial- licensing and governing boards and commissions. They regulate medicine, engineering, building contracting, cosmetology, social work, education; massage therapy, tobacco retailing, alcoholic beverage retailing, embalming — virtually every profession one can imagine. While I have little doubt that these boards and commissions are filled with' experts in their particular fields, they generally have no legal training and are not practicing lawyers. Furthermore, I am unaware of any Inrequirement that the board members or commissioners be trained in constitutional interpretation. The Arkansas State Medical Board is composed of fourteen members, and all but two are required by statute to be medical professionals. Ark. Code Ann. § 17-95-301 (Repl. 2010). The other two members are supposed to represent “consumers” and persons over 60 years old. Id. The statute does not require any board members to be lawyers. Id. I submit that while the board may be composed of many fine physicians, in matters of constitutional law, they are untrained and ill-equipped to decide such matters. While a board’s statutory interpretation is afforded deference in matters where its unique expertise comes into play, courts of law always have the last word. Ark. State Med. Bd. v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996). The American version of constitutional democracy requires each branch to-respect the separation of powers. The Ford decision is but one example of how this court has, at times, intruded upon the exclusive province of the legislature. I lament that this court did not take the opportunity to correct this serious misstep and overrule a patently wrong decision and its progeny,