MacSTEEL DIVISION of QUANEX, Parnell Consultants, Inc., and R&R Pipeline Construction & Repair, Inc. *v.* ARKANSAS OKLAHOMA GAS CORPORATION

04-1248 210 S.W.3d 878

Supreme Court of Arkansas
Opinion delivered June 23, 2005

*Cuffman & Phillips*, by: *Stephen K. Cuffman*, for appellant MacSteel.

*Hardin, Jesson and Terry, PLC*, by: *Robert M. Honea*, for appellant Parnell Consultants, Inc., and R&R Pipeline Construction.

*Daily & Woods, PLC*, by: *Jerry L. Canfield*, for appellee.

J IM HANNAH, Chief Justice. This is a case involving the conveyance of an easement. Appellants MacSteel, Parnell Consultants, Inc., and R & R Repair, Inc., (collectively referred to as MacSteel) appeal an order of the Sebastian County Circuit Court, Greenwood District, Division V, granting summary judgment in favor of appellee Arkansas Oklahoma Gas Corporation (AOG) and dismissing MacSteel's counterclaim. We assumed jurisdiction of this case as it involves an issue of statutory interpretation. *See* Ark. Sup. Ct. R. 1-2(b)(6). Specifically, we are asked to determine whether the conveyance of the easement at issue in this case is governed by the procedures set out in Ark. Code Ann. § 14-16-105 (Supp. 2003). We hold that § 14-16-105 is applicable to the easement in this case; accordingly, we affirm.

MacSteel, a steel manufacturer with facilities located in Fort Smith Industrial Park, receives natural gas service from AOG. In early 2003, MacSteel contracted with appellant Parnell Consultants, Inc., who then contracted with appellant R&R Pipeline Construction and Repair, Inc., to construct an underground natural gas pipeline that directly connects MacSteel's plant to sources of gas from the interstate natural gas market rather than through the facilities of AOG. As part of its contract with MacSteel, Parnell Consultants requested an easement from Sebastian County to install a portion of the pipeline on lands owned by the county.

On June 23, 2003, the County Court of Sebastian County issued an order authorizing the grant of a pipeline easement to Parnell Consultants across property owned by Sebastian County for a consideration of $42,240. Pursuant to that order, Sebastian County Judge David Hudson executed and delivered the easement conveyance.

When construction of the pipeline became public, AOG filed an action in circuit court against Parnell Consultants and R & R Pipeline Construction seeking, *inter alia*, a declaratory judgment that the grant of easement by the Sebastian County was null and

void pursuant to Ark. Code Ann. § 14-16-105(f)(1)(A) (Supp. 2003), as the Sebastian County Court admittedly did not follow the appraisal, notice, and bidding procedures required to "sell and cause to be conveyed any real estate or personal property belonging to county."[1] MacSteel answered that § 14-16-105 did not apply to easements. Further, MacSteel counterclaimed that if the circuit court found that § 14-16-105 applied to easements, the statute likewise should apply to easements the county court granted to AOG without complying with the statute.

Both parties moved for summary judgment. For the first time, in its reply to AOG's motion for summary judgment, MacSteel contended that the conveyance was made pursuant to § 14-164-205 (Repl. 1998), which authorizes counties to sell lands for industrial development purposes and repeals § 14-16-105 to the extent that it is inconsistent.

The circuit court granted AOG's motion for summary judgment, agreeing that the easement was subject to the procedures set out in § 14-16-105. As such, the circuit court declared the easement null and void. Further, the circuit court found that the record reflected no evidence that the easement was granted by the county judge pursuant to § 14-164-205. Finally, the circuit court dismissed MacSteel's counterclaim challenging the validity of additional easements granted to AOG.

On appeal, MacSteel argues that the circuit court erred in (1) finding that the procedures of § 14-16-105 apply to MacSteel's easement, (2) finding that § 14-164-205 was inapplicable to its easement, and (3) dismissing its counterclaim that if § 14-16-105 applies to easements, additional easements granted to AOG should be declared null and void.

Section 14-16-105(a) (Supp. 2003) of the Arkansas Code provides:

> (a) The county court of each county shall have power and jurisdiction to sell and cause to be conveyed any real estate or personal property belonging to the county and to appropriate the proceeds of the sale for the use of the county by proceeding in the manner set forth in this section.

---

[1] Upon discovering the contractual relationship between Parnell Consultants and MacSteel, AOG amended its complaint to add MacSteel as a party defendant.

Pursuant to Ark. Code Ann. § 14-16-105(b)(1), whenever the county judge of any county shall consider it advisable and to the best interest of the county to sell and convey any real or personal property belonging to the county, he or she shall follow the procedures set out in § 14-16-105(b)(1)(A) through § 14-16-105(e). Any sale or conveyance of real or personal property belonging to any county not made pursuant to the terms of § 14-16-105 shall be null and void. *See* Ark. Code Ann. § 14-16-105(f)(1)(A) (Supp. 2003). The *procedures* for sale and conveyance of county property set forth in § 14-16-105 *shall not apply* in these instances:

> (A) Where personal property of the county is traded in on new or used equipment and credit approximating the fair market price of such personal property is given the county toward the purchase price of new equipment;
>
> (B) Where the sale of the personal property of the county involves the sale by the county of any materials separated, collected, recovered, or created by a recycling program authorized and operated by the county; or
>
> (C) *Where the county is conveying a conservation easement* as described in § 15-20-401 et seq. for any of the purposes enumerated in § 15-20-401 et seq. as the same may be amended from time to time.

Ark. Code Ann. § 14-16-105(f)(2) (Supp. 2003) (emphasis added).[2]

We review issues of statutory construction *de novo*, as it is for this court to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation

---

[2] The "Conservation Easement Act" is codified at Ark. Code Ann. § 15-20-401 (Repl. 2003). As used in the Conservation Easement Act, a conservation easement is defined as:

> a nonpossessory interest of a holder in real property imposing limitations or affirmative obligations, the purposes of which include retaining or protecting natural, scenic, or open-space values of real property; assuring its availability for agricultural, forest, recreational, or open-space use; protecting natural resources; maintaining or enhancing air or water quality; or preserving the historical, architectural, archeological, or cultural aspects of real property.

Ark. Code Ann. § 15-20-402(1) (Repl. 2003).

of the law, that interpretation will be accepted as correct on appeal. *Ghegan & Ghegan, Inc. v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Weiss v. McFadden*, 353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. *Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n*, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Weiss v. McFadden, supra.* When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Id.*

 With this standard of review in mind, we turn to MacSteel's arguments on appeal. MacSteel first argues that § 14-16-105 is intended to apply only to fee simple sales of real property and, as such, the statute does not apply to easements because easements do not convey fee simple title to real property. We disagree. The statute makes no mention of a requirement of a fee simple conveyance. This court will not read into a statute a provision that simply was not included by the General Assembly. *See, e.g., Primerica Life Ins. Co. v. Watson*, 362 Ark. 54, 207 S.W.3d 443 (2005); *Turnbough v. Mammoth Spring Sch. Dist. No. 2*, 349 Ark. 341, 78 S.W.3d 89 (2002).

 MacSteel next contends that we should follow the county judge's interpretation of the law in determining whether § 14-16-105 applies to easements. In his deposition, Judge Hudson testified that during his twenty-eight years of employment in county government, both as a county judge and as an administrative assistant to previous county judges, Sebastian County never followed the procedures in § 14-16-105 when granting easements over county lands. In *Omega Tube & Conduit Corp. v. Maples*, 312 Ark. 489, 850 S.W.2d 317 (1993), we noted that it is a familiar rule of statutory construction that the manner in which a law has been interpreted by executive and administrative officers is to be given consideration and will not be disregarded unless it is clearly wrong. We further noted that an administrative interpretation is to be regarded as highly persuasive. *Id.* "Such a construction, commonly

referred to as practical construction, although not controlling, is nevertheless entitled to considerable weight." *Walnut Grove Sch. Dist. No. 6 v. County Bd. of Educ.*, 204 Ark. 354, 359, 162 S.W.2d 64, 66 (1942) (quoting *Crawford's Interpretation of Laws* § 219 (1940)). However, although an agency's interpretation is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Yamaha Motor Corp. U.S.A. v. Richard's Honda Yamaha*, 344 Ark. 44, 52, 38 S.W.3d 356, 360 (2001).

■■ AOG contends that it is unnecessary to consider the county's past practice in conveying easements because the plain language of the statute provides that § 14-16-105 applies to the easement at issue, in that it applies to all sales and conveyances of real property belonging to the county. AOG points out that the type of easement at issue in this case, a pipeline right-of-way easement, is not exempted from the procedures of § 14-16-105, whereas *conservation* easements are exempted from the procedures of the statute. We agree. The phrase *expressio unius est exclusio alterius* is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. *Gazaway v. Greene County Equalization Bd.*, 314 Ark. 569, 575, 864 S.W.2d 233, 236 (1993). Clearly, if the legislature had intended to exclude easements other than conservation easements from the procedures set out in § 14-16-105, it could have done so.

Still, MacSteel maintains that in light of the 2005 amendment to § 14-16-105, it is clear that the General Assembly intended to exempt conveyances of *all easements* from the statute. Subsequent to MacSteel's filing of this appeal, the General Assembly enacted Act 1240 of 2005, which made changes to Ark. Code Ann. § 14-16-105(f).[3] The amended statute, in pertinent part, provides that the procedures set forth in § 14-16-105 shall not apply:

---

[3] After this case was submitted to this court, MacSteel filed a Motion for Court to Take Judicial Notice of Recent Legislative Enactment, requesting that this court take judicial notice of Act 1240 of 2005. AOG had no objection. This court takes judicial notice of legislative journals showing that a particular provision of the statute was added by amendment. *Connor v. Ricks*, 213 Ark. 768, 212 S.W.2d 552 (1948). *See also Carter v. Reamey*, 232 Ark. 211, 335 S.W.2d 298 (1960). Here, we will take judicial notice of the enactment of Act 1240 of 2005 so that we may address MacSteel's argument.

(f)(2)(C) When the county is conveying an easement, including, but not limited to, easements granted upon county lands for water improvements, sewer improvements, gas lines, electric lines, phone lines, utilities, railways, public roads, highways, and conservation easements as described in § 15-20-401 et seq. for any of the purposes enumerated in § 15-20-401 et seq. as the same may be amended from time to time; . . . .

■■ Even though the amendment was not in effect at the time the complaint was filed, we may consider it if the General Assembly did not change the prior law, but merely intended to clarify it. *See Baker Refrigeration Sys., Inc. v. Weiss*, 360 Ark. 388, 201 S.W.3d 900 (2005); *Pledger v. Baldor Int'l, Inc.*, 309 Ark. 30, 827 S.W.2d 646 (1992). The title of Act 1240 is "An Act to Clarify the Procedures for Sale and Conveyance of County Property." This court has long held that the title of an act is not controlling in its construction, although it is considered when such meaning is otherwise in doubt. *Baker, supra.* The title may only be examined for the purpose of shedding light on the intent of the legislature. *Id.*

■ The problem with looking to the title of Act 1240 to determine legislative intent is that even though the Act is characterized as an act to "clarify" the procedures for sale and conveyance of county property, the text of the amendment reveals that the Act is changing prior law, in that it is adding exemptions to § 14-16-105. In *Gannett River States Publishing Co. v. Arkansas Industrial Development Commission*, 303 Ark. 684, 799 S.W.2d 543 (1990), where the language of an amendment to the Arkansas Freedom of Information Act was not curative or for clarification, but rather, made seven additional types of records exempt from disclosure, we held that the amendment did not apply retroactively. We explained:

> Act 8 was not merely remedial or procedural in nature, but created new exemptions from public disclosure which did not exist before. Statutes which are remedial or procedural generally supply new, different, or more appropriate remedies which relate to existing rights, and do not create new rights or extinguish old ones. *See Harrison v. Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962), and *Gillioz v. Kincannon*, 231 Ark. 1010, 214 S.W.2d 212 (1948).

*Gannett*, 303 Ark. at 689, 799 S.W.2d at 546.

Likewise, in the instant case, Act 1240 is not merely remedial or procedural in nature, but creates new exemptions from the procedures in § 14-16-105 for the sale or conveyance of county property that did not exist before. This court has recognized that one of the clear purposes of the statutory procedures for the sale of county property "was *to make public all dispositions* a county might make of its property." *State v. Eason*, 219 Ark. 36, 42, 240 S.W.2d 36, 40 (1951) (emphasis in original). At the time of the conveyance at issue, the public had a right to be informed of Sebastian County's disposition of a pipeline right-of-way easement. The General Assembly did not except that type of easement from the procedures of § 14-16-105 until the 2005 amendment. Because the law was not changed until the 2005 amendment, we will not construe the statute to disturb the public's then-existing vested right to be informed of the county's conveyance of the easement. In sum, we hold that when the easement in this case was conveyed, it was subject to the procedures of § 14-16-105. Since the conveyance was not made pursuant to the procedures of the statute, the easement at issue is null and void. Ark. Code Ann. § 14-16-105(f)(1)(A).

We also note that MacSteel cites Ark. Code Ann. § 14-14-1102(b)(3) (Repl. 1998), in support of its argument that its easement is valid because the legislature has expressly provided county judges with the power to assign the use of county property. Section 14-14-1102(b)(3) provides:

> CUSTODY OF COUNTY PROPERTY. The county judge, as the chief executive officer of the county, shall have custody of county property and shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property *in the manner and procedure provided by law* for the disposal of county property by the county court. The county judge shall have the right to assign or not assign use of such property whether or not the county property was purchased with county funds or was acquired through donations, gifts, grants, confiscation, or condemnation.

(Emphasis added.)

As previously discussed, § 14-16-105 provides the "manner and procedure" for the conveyance of the easement in this case. Section 14-14-1102(b)(3) does not allow the county

judge to forego the procedures set out in § 14-16-105. Accordingly, MacSteel's argument regarding § 14-14-1102(b)(3) is without merit.

MacSteel next argues that even if § 14-16-105 applies to this case, its easement is valid because § 14-164-205 authorizes counties to sell lands for industrial development purposes and repeals § 14-16-105 to the extent that it is inconsistent. Section 14-164-205 provides:

> Any municipality or any county is authorized to own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, or contract concerning, or otherwise deal in or dispose of, any land, buildings, or facilities of any and every nature whatever that can be used in securing or developing industry within or near the municipality or county.

The circuit court determined that the record reflected no evidence that the county judge conveyed the easement pursuant to § 14-164-205. The circuit court is correct. In his deposition, Judge Hudson makes no mention of § 14-164-205, nor is he asked any questions about the application of that statute. Moreover, there is nothing in the record to indicate that the easement was conveyed to secure or develop industry. In fact, Judge Hudson testified in his deposition that he had no knowledge as to whether the pipeline would be available for public use or whether it would be a private line that solely serves the MacSteel facility. We hold that the circuit court did not err in finding that § 14-164-205 was inapplicable in this case.

Finally, MacSteel argues that if § 14-16-105 applies to easements, then the circuit court erred in failing to find AOG's easements to be void as well. In its counterclaim, MacSteel contended that two easements granted in favor of AOG were invalid: an easement executed in June 2002, and an easement executed in February 1993. The circuit court held that MacSteel had no standing to challenge the validity of the easements that were granted to AOG.

We first note that MacSteel's challenge to the February 1993 easement is procedurally barred. A challenge to the sale or conveyance of real or personal property belonging to the county must be brought within two years from the date a sale is consummated. *See* Ark. Code Ann. § 14-16-105(f)(1)(A) (Supp. 2003).

MacSteel filed its counterclaim on February 4, 2004, which is clearly outside the two-year period for bringing an action to cancel the sale and recover possession of the property sold. Further, even if the challenge to the easement executed in February 1993 was filed within the two-year period, as was the case with the challenge to the easement executed in June 2002, the circuit court correctly determined that MacSteel could not challenge the easements granted in favor of AOG.

 Still, MacSteel contends that pursuant to our holding in *Andres v. First Arkansas Development Finance Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959), it had a right to challenge the validity of AOG's easements because there is a justiciable controversy. We disagree. In *Andres*, this court stated, "Our declaratory judgment act . . . was not intended to allow *any* question to be presented by *any* person: the matters must be justiciable." 230 Ark. at 606, 324 S.W.2d at 104 (emphasis in original). Further, we stated:

> Since [the] the purpose of the declaratory relief is to liquidate uncertainties and interpretations which might result in future litigation it may be maintained when these purposes may be subserved. The requisite precedent facts or conditions, which the courts generally hold must exist in order that declaratory relief may be obtained, may be summarized as follows: (1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

*Id.*, 324 S.W.2d at 104 (quoting Anderson, *Declaratory Judgments*, § 187 (2d ed. 1951)).

 In the instant case, MacSteel does not have the right to challenge the validity of AOG's easements because with respect to those easements, MacSteel is not a party with an adverse interest. To maintain a declaratory-judgment action, there must be a justiciable controversy between persons whose interests are adverse. *See Andres, supra*. Here, MacSteel argues in its answer that § 14-16-105 is inapplicable to easements, and then argues in its counterclaim that if § 14-16-105 is applicable, it should apply to

the easements granted in favor of AOG. A litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case. *International Harvester Co. v. Burks Motors, Inc.*, 252 Ark. 816, 481 S.W.2d 351 (1972); *Randolph v. Kelly*, 144 Ark. 296, 222 S.W. 42 (1920). In this case, MacSteel assumes wholly inconsistent positions on the issue of whether § 14-16-105 applies to easements. Further, the position MacSteel asserts in its counterclaim — that § 14-16-105 is applicable — is the same position AOG asserts in its complaint. Where the parties are in agreement on an issue, an action for declaratory judgment may not be maintained because there is no controversy between persons whose interests are adverse.

Affirmed.