The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following:
 Can an order of protection be obtained against a minor?
 The Arkansas Domestic Abuse Act of 1991 (the Act), A.C.A. 9-15-101 thru 9-15-303, sets out the requirements and procedures for obtaining an order of protection. The 2005 amendments to the Act added persons in a dating relationship to the category of persons who may seek an order of protection (See 9-15-103). The 2005 amendments may raise situations where orders of protection are sought against abusers who are minors. Are the remedies set out in the Act available to victims of domestic abuse where their abuser is a minor?
RESPONSE
In my opinion, it is not clear whether an order of protection may be obtained against a minor pursuant to the Arkansas Domestic Abuse Act ("ADAA"), A.C.A. §§ 9-15-101 through -303 (Repl. 2002 
Supp. 2005). Although the ADAA specifically authorizes an adult to file a petition for an order of protection on behalf of an unemancipated minor, A.C.A. § 9-15-203(c) (Supp. 2005), the language of the form of the petition set forth does not contemplate that the respondent will be an unemancipated minor. Legislative clarification is warranted.
An "order of protection" in this context refers to injunctive relief granted pursuant to the Arkansas Domestic Abuse Act. See
A.C.A. §§ 9-15-201 through -216 (Repl. 2002 Supp. 2005). Specifically, "[a] petition [for injunctive relief] shall allege the existence of domestic abuse and shall be accompanied by an affidavit made under oath stating the specific facts and circumstances of the domestic abuse and the specific relief sought." A.C.A. § 9-15-201(e) (Repl. 2002). "Domestic abuse" is defined as follows:
 (A) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members; or
 (B) Any sexual contact between family or household members, whether minors or adults, which constitutes a crime under the laws of this state[.]
A.C.A. § 9-15-103(1) (Supp. 2005) (emphasis added). The 85th
General Assembly, in the 2005 Regular Session, amended the applicable definitions for the Arkansas Domestic Abuse Act as follows:
 (b)(2) "Family or household members" means spouses, former spouses, parents and children, persons related by blood within the fourth degree of consanguinity, any children residing in the household, persons who presently or in the past have resided or cohabited together, and persons who have or have had a child in common, and persons who are presently or in the past have been in a dating relationship together; and
 (3)(A) "Dating relationship" means a romantic or intimate social relationship between two (2) individuals which shall be determined by examining the following factors:
 (i) The length of the relationship;
 (ii) The type of the relationship; and
 (iii) The frequency of interaction between the two (2) individuals involved in the relationship.
 (B) "Dating relationship" shall not include a casual relationship or ordinary fraternization between two (2) individuals in a business or social context.
Acts 2005, 1875, § 1. Arkansas Code Annotated § 9-15-205 lists possible relief granted under this section, specifying that a court may:
 (1) Exclude the abusing party from the dwelling which the parties share or from the residence of the petitioner or victim;
 (2) Exclude the abusing party from the place of business or employment, school, or other location of the petitioner or victim;
 * * *
 (6) Prohibit the abusing party directly or through an agent from contacting the petitioner or victim except under specific conditions named in the order; and
 (7)(A) Order such other relief as the court deems necessary or appropriate for the protection of a family or household member.
 (B) The relief may include, but not be limited to, enjoining and restraining the abusing party from doing, attempting to do, or threatening to do any act injuring, mistreating, molesting, or harassing the petitioner.
A.C.A. § 9-15-205 (Repl. 2002).
A court will first read a statute for its plain and ordinary meaning. Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp.,363 Ark. 22, ___ S.W.3d ___ (2005); see also Ops. Att'y Gen.2005-072 2004-339. If the plain and ordinary leaning of a statute is unambiguous, there is no need to resort to the canons of statutory construction. Id. A statute is ambiguous when there are two or more reasonable constructions of the plain and ordinary language used or when "it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning." Maumelle v. Jeffrey Sand Co., 335 Ark. 686,693-94, 120 S.W.3d 55 (2003) (quoting Arkansas Dep't of HumanServs. v. Collier, 351 Ark. 506, 518, 95 S.W.3d 772, 778
(2003)).
The Act defines domestic abuse as between two or more "family or household member[s]" without any restriction on the age of either member. A.C.A. §§ 9-15-103(1)-(2) (Supp. 2005). In addition, the plain and ordinary language of the 2005 amendment, detailed above, regarding "dating relationships" does not place any age restrictions on such relationships. A minor could conceivably be encompassed as "someone in a dating relationship" under A.C.A. §9-15-103(3)(A) because the language refers only to "individuals." As described above, the ADAA requires that an affidavit be filed when seeking an order of protection. The act clearly contemplates a minor victim who is emancipated, or an adult on behalf of a minor victim, petitioning for an order of protection. A.C.A. §9-15-203(c). The court is authorized to enter an injunction against the "abusing party." A.C.A. § 9-15-205. The term "abusing party" is not defined under the act.
The form of the petition for an order of protection, however, set forth in A.C.A. § 9-15-203, does not appear to contemplate an unemancipated minor as the respondent in a petition for an order of protection. Specifically, the form of the petition set forth includes the following pertinent sections:
 ____ I am the petitioner and — at least 18 years of age ____ under 18 but emancipated.
 ____ I am filing on behalf of myself.
 ____ I am filing on behalf of a family or household member who is:
 ____ a minor(s): (list) ______________________________________
 ____ an adjudicated incompetent person: (list) _______________
 ____ The respondent is ____ at least 18 years of age ____ under 18 but emancipated.
 ____ I am an employee or volunteer of a domestic violence shelter or program, and I am filing on behalf of a minor.
 The respondent and petitioner (or victim if filing on behalf of a minor or incompetent person): (check all that apply)
 ____ Are spouses;
 ____ Are related by blood;
 ____ Are parent and child;
 ____ Currently reside together or cohabit;
 ____ Are former spouses;
 ____ Formerly resided together or cohabited;
 ____ Have or have had a child in common; or
 ____ Are presently or in the past have been in a dating relationship.
Id. at (c) (emphasis added). The 2005 amendments to this section, in addition to adding "Are presently or in the part have been in a dating relationship," only replaced "Social Security Number" with "Date of Birth" when asking for identifying information about the petitioner and respondent. Acts 2005, 1875, § 4. The 2005 amendments did not alter the language indicating that the respondent must be at least eighteen years of age or emancipated.
The provisions of the Arkansas Domestic Abuse Act are therefore unclear regarding whether a court may enter an order of protection against a minor. As detailed above, the definitions of "domestic abuse" and "family or household member" appear to be drafted broadly enough to contemplate a minor committing domestic abuse. The form of the petition for an order of protection, however, does not appear to contemplate entry of such an order against a minor. One commentator has stated that A.C.A. §9-15-203(c) "expressly prohibit[s] civil protection actions against minors." Stacy L. Brustin, Legal Responses to TeenDating Violence, 29 Fam. L.Q. 331, 343 (1995). As noted above, the 2005 amendments did not substantively alter this provision of the Arkansas Code with respect to the status of the respondent in an action for an order of protection.
Aside from the uncertainties arising from the statutory language, certain practical considerations would arise with the entry of orders of protection against minors. If a court may enter an order of protection against a minor, difficult questions regarding representation of the minor, and the appropriate jurisdiction over violations of such an order may arise. Legislative clarification is, in my opinion, warranted.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General