The Honorable Lamont Cornwell State Representative 1508 Hidden Valley Drive Benton, Arkansas 72019-2193
Dear Representative Cornwell:
I am writing in response to your request for an opinion on the following:
 Last session we passed Act 684 of 2007 which transferred the regulation of title insurance to the State Insurance Department as well as codified a Title Insurance Act. Before this Act, attorneys could research land records and certify real property as having "clear title." However, since this Act there has been some confusion in its interpretation. Although the intent was to continue the same mechanism for clearing titles, some construe the language of Act 684 of 2007 as mandating that an "abstract plant" is now necessary for a valid title search.
 Could you please interpret Act 684 of 2007 and give your opinion on the current requirements for a title search in Arkansas?
RESPONSE
In my opinion, under Act 684 of 2007, codified in pertinent part at A.C.A. § 23-103-401 through-416 (Supp. 2007) and interpreted by the Arkansas Insurance Department ("AID"), the minimum requirement for a title search is an examination of all matters of record that affect the property's title for at least the previous thirty *Page 2 
years. Reference to an "abstract plant" is not invariably required. Rather, the search may be made from a variety of different sources as discussed below.
As you note in your request, Act 684 of 2007, the "Arkansas Title Insurance Act," updated the Arkansas law regarding title insurance. The pertinent part of Section 6 of the Act states the minimum requirements for a title search:
 (a) No title insurance report or policy shall be issued unless the title insurer or title insurance agent has caused to be made a search of the title from the evidence prepared from a title plant or files of the county where the property is located or from the records of the clerk or the ex officio recorder of land records of the county that maintains records relating to real estate and any interest in the county.
 (b) The search shall include a review of all matters affecting the title to the property or interest to be insured for a continuous period of not less than the immediately preceeding thirty (30) years.
 (c) No title insurance policy shall be issued until the title insurer or title insurance agent has caused to be made a determination of insurability of title in accordance with the title insurer's underwriting practices.
Id. (emphasis added) (codified at A.C.A. § 23-103-408 (Supp. 2007)).
The Arkansas Title Insurance Act specifically authorizes the Insurance Commissioner to promulgate rules implementing the Act. See A.C.A. §23-103-415 (Supp. 2008). The Insurance Commissioner, through the AID, has promulgated Rule 87, which addresses the minimum standards for a title search by stating:
SECTION 15. MINIMUM SEARCH REQUIREMENTS
 A. The title insurance report or policy shall be based upon a search of the title from the evidence prepared from a title plant or from the records of the clerk or the ex-officio recorder of the land records of the county that maintains records relating to real estate. No title insurance policy shall *Page 3 
be issued until the title insurer or title insurance agent has caused to be made a determination of insurability of title in accordance with the title insurer's underwriting practices.
 B. The search must include a review of all matters affecting title to the property or interest for a continuous period of no less than the preceding thirty years (30).
 C. Evidence upon which the search is based may include:
 (1) Any policy upon which the title insurance agent is willing to rely, subject to a determination of insurability of title in accordance with the title insurer's underwriting practices;
 (2) Abstracts of title;
 (3) Title plant records;
 (4) County records of the ex-officio recorder; or
 (5) Any combination thereof that cover a continuous period of no less than the immediately preceding thirty (30) years.
The AID has further addressed the requirements of A.C.A. § 23-103-408
and Rule 87. In a section of the website answering "Frequently Asked Questions" regarding Title Insurance, the Department has stated:
 Is there a minimum search requirement?
 Yes. Every title insurance report or policy must be based upon a search of all matters of record affecting title to the property for at least the preceding thirty years. Even if you choose to insure certain matters without exception based on your insurer's underwriting standards, those matters, if of record within the previous thirty years, must be disclosed on the title insurance report or policy. Failure to include in the title report or policy all matters affecting the property *Page 4 
from at least the preceding thirty years is a violation regardless of whether it results in a claim or loss.
 Do I have to conduct a search from a licensed abstract or title plant?
 No. Section 15 of Rule 87 provides that the source of title evidence may include a prior title insurance policy, abstracts of title, title plant records, county records of the ex-officio recorder, or any combination thereof, provided that any title insurance report derived from the search discloses "all liens, defects, and encumbrances affecting title to the land that are filed of record." Only a search of the immediately preceding thirty years is required by the Arkansas Title Insurance Act and Section 15 of Rule 87. The required disclosure of matters affecting title to the land in a title insurance report or policy is limited to those which are filed of record within the thirty year period.
Arkansas Insurance Department, Title Insurance Frequently Asked Questions, http://www.insurance.arkansas.gov/License/TitleFAQs.htm (last visited April 12, 2008) (emphasis added).[1] As interpreted by the AID, therefore, the minimum requirement for a title search is an examination of all matters of record that affect a property's title for at least the previous thirty years from a variety of different sources.
When interpreting a statute, a court will first look to the plain and ordinary language of the statute. Macsteel, Parnell Consultants v. Ar.Ok. Gas Corp., 363 Ark. 22, 210 S.W.3d 878 (2005); see also Ops. Att'y Gen. 2005-072 2004-339. If the language is unambiguous, a court will not resort to further rules of statutory *Page 5 
construction. Id. In addressing the ordinary meaning of the word "or," the Arkansas Supreme Court observed:
 In its ordinary sense the word `or' is a disjunctive particle that marks an alternative, generally corresponding to `either,' as `either this or that'; it is a connective that marks an alternative.
McCoy v. Walker, 317 Ark. 86, 90, 876 S.W.2d 252 (1994) (quotingBeasley v. Parnell, 177 Ark. 912, 9 S.W.2d 10 (1928)). Furthermore, the interpretation of an administrative agency charged with the enforcement of a statute is highly persuasive, and will be upheld unless "clearly wrong." See Macsteel, supra; see also McClane Co., Inc. v. Davis,353 Ark. 539, 110 S.W.3d 251 (2003); Arkansas State Medical Board v.Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996); and Op. Att'y Gen.2005-124.
Section 23-103-408 authorizes a title search to be made from the records of a title plant "or" county property files "or" county clerk records "or" the records of the ex officio recorder. The AID, as the administrative agency charged with enforcing the Act, promulgated Rule 87 stating that a title search may be made by examining any combination of previous title insurance policies, abstracts of title, title plant records, and records of the ex-officio county recorder. Rule 87 and the "Frequently Asked Questions" section of the website clearly establish that the AID has interpreted the "or" language as denoting alternatives in A.C.A. § 23-103-408. The AID interpretation applies the "disjunctive" meaning of the word "o r" recognized by the Arkansas Supreme Court. Applying the standards set forth above, in my opinion a court would not conclude that the AID interpretation is "clearly wrong." Because I conclude that the AID interpretation is not "clearly wrong," it is my opinion that the minimum requirements for a title search are an examination of all matters of record that affect the property's title for at least the previous thirty years from some combination of reliable sources as set forth in Rule 87. Reliance on an "abstract plant" is not invariably required.
To the extent that your question inquires as to whether attorneys may "certify" real property as having clear title, in my opinion lawyers are required to obtain a license from the AID to act as title insurance agents. Under prior law, attorneys "without any further qualifications or examination," could be immediately certified by the former Arkansas Title Insurance Agents' Licensing Board as licensed title insurance agents. See former A.C.A. § 23-1403-302 (Repl. 2004) (repealed effective January 1, 2008). *Page 6 
As explained by the AID Frequently Asked Questions section:
 I am an attorney. Am I required to take the licensing examination?
 Yes, the current law no longer has exemptions for attorneys; thus, attorneys must meet the examination requirement in order to obtain a title license. Attorneys currently licensed as title insurance agents need only meet the title agent renewal requirements, including residency requirements, to maintain a title agent's license.
Arkansas Insurance Department, Title Insurance Frequently Asked Questions, http://www.insurance.arkansas.gov/License/TitleFAQs.htm (last visited April 12, 2008). A title insurance agent license is required if an individual "issue[s] title insurance policies, reports, or otherwise transact[s] the business of title insurance." A.C.A. § 23-103-403 (Supp. 2007). Specifically, "title insurance business" is defined in pertinent part to mean:
 (A) Issuing or offering to issue as an insurer a title insurance policy or closing protection;
 (B) Transacting or proposing to transact by a title insurer or a title insurance agent any of the following activities when conducted or performed in contemplation of or in conjunction with the issuance of a title insurance report or policy:
 (i) Guaranteeing, warranting, or otherwise insuring the status of title, liens, encumbrances, or other matters of record;
 (ii) Executing title insurance policies;
 (iii) Effecting contracts of reinsurance;
 (iv) Underwriting titles;
 (v) Collecting, disbursing, or receiving title insurance premiums; or *Page 7 
 (vi) Recording closing documents;
 * * *
A.C.A. § 23-103-402(12) (Supp. 2007) (emphasis added). Attorneys are required to obtain title insurance licensure if, as a factual matter, they conduct any of the foregoing activities. Again, however, they are not required to utilize an "abstract plan" in connection with such activity.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] An "Abstract Plant" is defined in Arkansas law as:
 "Abstract plant" means a set of records in which an entry has been made of all documents or matters which under the law impart constructive notice of matters affecting title to all real property or any interest therein or encumbrances thereon, which have been filed or recorded in the county or district thereof for which a title plant is maintained from earliest records available in the county or district thereof and continually thereafter.
A.C.A. § 17-11-102(2)(A) (Repl. 2001).