The Honorable Bobby L. Glover, Senate Co-Chair The Honorable Johnny Hoyt, House Co-Chair Legislative Joint Auditing Committee Division of Legislative Audit
172 State Capitol Little Rock, Arkansas 72201-1099
Gentlemen:
I am writing in response to your request for my opinion on the following question:
 In determining the Arkansas Lottery Commission Executive Director's salary for retirement purposes, should the use of multipliers be prohibited under A.C.A. § 25 [sic: 23]-115-304(b), or should multipliers be permitted (under definitions such as those found in A.C.A. § 24-4-101(11) or A.C.A. § 23-115-103(4), or otherwise?
You have provided the following by way of background:
 The Legislative Joint Auditing Committee ("LJAC") recently reviewed the Annual Financial Report, as of June 30, 2010, concerning the Arkansas Lottery Commission ("ALC"). The report contains the following item:
 Acts 605 and 606 of 2009, as amended, known as the Arkansas Scholarship Lottery Act, set the executive director's salary at $141,603 with multipliers of up to 2.5 times resulting in a maximum salary of $354,007. Ark. *Page 2 
Code Ann. § 23-115-304(b) states, "A commission employee's salary for retirement purposes shall be the amount determined by the commission as authorized by the General Assembly and shall not include any multipliers used to increase a person's salary as authorized by the General Assembly." The Commission paid retirement contributions based on the Executive Director's salary including multipliers. Ark. Code Ann. § 23-115-304(b) may be in conflict with general legislation applicable to the Arkansas Public Employees Retirement System (APERS) as related to the definition of compensation for retirement purposes, Ark. Code Ann. § 24-4-101, and calculations of benefits, Ark. Code Ann. § 24-4-601. Based on the advice of APERS, the Commission remitted an additional $29,184 for retirement contributions based on the total amount of the Executive Director's salary of $324,000.
 We recommend the Agency seek legal guidance as to the applicability of Ark. Code Ann. §§ 23-115-304(b), 24-4-101, and 24-4-601. In addition, the Agency should seek reimbursement for any overpayments that may be determined.
RESPONSE
In my opinion, no multiplier should be used in calculating the salary for retirement purposes of the Arkansas Lottery Commission's Director. Section 25-115-304(b) of the Arkansas Code (Supp. 2009) expressly prohibits the use of a multiplier.
Section 23-115-305 of the Arkansas Code (Supp. 2009) sets the maximum annual salary for employees of the Arkansas Lottery Commission (the "Commission"). This statute sets the "maximum annual salary" for the Commission Director (the "Director") at $141,603. However, A.C.A. § 23-115-306(a) (Supp. 2009) provides for discretionary "special salary allowances" for several employees, *Page 3 
including the Director. Subsection (b) of this statute (Supp. 2009) provides as follows:
 The total compensation for a position subject to an allowance under subsection (a) of this section, including the salary authorized by the General Assembly and a special salary allowance, shall not exceed two and one half (2½) times the salary for the position authorized by the General Assembly.
The term "compensation" is defined under the Arkansas Scholarship Lottery Act (the "Act"), [1] as follows:
 (A) "Compensation" means any money or anything of value received or to be received as a claim for future services, whether in the form of a retainer, fee, salary, expense, allowance, forbearance, forgiveness, interest, dividend, royalty, rent, or any other form of recompense or any combination thereof.
 (B) "Compensation" includes without limitation a payment made under obligation for services or other value received[.][2]
For purposes of the Act, then, "total compensation" might include, but not be limited to, the sum of the "salary" and the "special salary allowance" referenced in the above statutes.[3] The sum of these two in conjunction with any of the other consideration listed in the statute just quoted will comprise "total compensation," subject to the crucial condition that this total may not exceed 2 ½ times "salary" — a *Page 4 
category that in one statute is statutorily capped at $141,603 but then statutorily enhanceable by a "special salary allowance."
With respect to the Director's permissible retirement benefits, A.C.A. § 23-115-304 (Supp. 2009) provides as follows:
 (a) Employees of the Arkansas Lottery Commission shall be members of the Arkansas Public Employees' Retirement System.
 (b) A commission employee's salary for retirement purposes shall be the amount determined by the commission as authorized by the General Assembly and shall not include any multipliers used to increase a person's salary as authorized by the General Assembly.
(Emphasis added.)
In my opinion, subsection (b) of this statute, in bluntly providing that the multiplier set forth in A.C.A. § 23-115-306(b) may not be used in calculating "salary for retirement purposes" under A.C.A. § 23-115-304(b), unequivocally declares that "salary" in any given year for purposes of calculating retirement benefits will be the amount specified for that year by the legislature in A.C.A. § 23-115-305.[4] *Page 5 
In offering this conclusion, I do not intend to suggest the total irrelevance of the general retirement compensation formulations set forth as applicable to APERS participants in A.C.A. §§ 24-4-101 and-601 (Supp. 2009). I am only opining that any APERS retirement formulation for the Director that includes as an element his or her "salary" in any given year must employ the definition of "salary" set forth in A.C.A. § 23-115-304(b), regardless of what might be a contrary suggestion in APERS' general formulations.[5]
The foregoing follows from the universally accepted axiom of statutory construction providing that a general statute will not apply where there is a specific statute governing a particular subject matter.[6] In the present case, A.C.A. § 23-115-304(b) is highly specific in setting forth the definition of "salary" for purposes of computing retirement benefits for the employees listed in A.C.A. § 23-115-306(a). The more specific statute should consequently apply even in an instance when a general statutory scheme might be read as offering a variant definition.
I should further note that whatever formula might be used to calculate the Director's eventual retirement benefits, the amount of those benefits is capped by state law under A.C.A. § 24-4-615(a) (Repl. 2000), which provides:
 Notwithstanding any other provision of this chapter, benefits paid under the provisions of this chapter shall not exceed the limitations of Section 415 of the Internal Revenue Code that are applicable to governmental retirement plans.[7] *Page 6 
Although your question as posed does not directly address what salary amount the Commission should report to APERS and what contributions the Commission should consequently make to the Director's retirement account, your report that the LJAC has listed the Commission's practice in this regard as a "significant deficiency" suggests that this matter is also one of concern in your question. In its advisory correspondence to the Commission, APERS has taken two positions: first, that salary and special salary allowances should be pooled for purposes of reporting salary to APERS; and, secondly, that both employer and employee contributions commensurate with this pooled salary should be reported to APERS. In light of the foregoing analysis, I question that both salary and special salary should be combined for purposes of calculating either the Director's or the Commission's regular contributions to APERS in support of the Director's retirement benefits. Again, I consider the legislature's declaration in A.C.A. § 23-115-304(b) to be totally unambiguous: calculations regarding a qualified employee's retirement benefits "shall not include any multipliers used to increase a person's salary as authorized by the General Assembly."
Recognizing that an agency's interpretation of statutes is to be accorded great weight, [8] I nevertheless question the logic — as, apparently, does LJAC — of proposing that the IRS' failure to limit employer and employee contributions in itself mandates that the Commission base its retirement contributions upon a salary calculation inconsistent with that mandated by the Code. Accordingly, I share the LJAC's apparent concerns and concur in its suggestion that the Commission seek legal guidance regarding possibly recovering any overpayment of contributions. *Page 7 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] A.C.A. §§ 23-115-101 through-1102 (Supp. 2009).
[2] A.C.A. § 23-115-103(4).
[3] The term "compensation" is variably defined under the Act and under the chapter of the Code relating to the Arkansas Public Employees' Retirement System ("APERS"), A.C.A. §§ 24-4-101 through-1109 (Repl. 2000 Supp. 2009). Subsection 23-115-103(4)(A) of the Code expressly includes "salary" as an element of compensation. Given my conclusion that the primary issue raised by your question is what constitutes "salary" under the Act for retirement purposes, see discussion in text, infra, I need not explore any possible shades of distinction between the definitions of "compensation" in the Act and in the chapter devoted to APERS.
[4] This interpretation is supported by currently pending SB193, captioned an act "to clarify the meaning of the term `compensation' for purposes of retirement," which provides as follows:
 SECTION 1. Arkansas Code § 23-115-304 is amended to read as follows:
 23-115-304. Commission employees — Participation in Arkansas Public Employees' Retirement System.
 (a) Employees of the Arkansas Lottery Commission shall be members of the Arkansas Public Employees' Retirement System.
 (b)(1) A commission employee's salary compensation for retirement includes only the base salary of the employee under § 23-115-305.
 (2) A commission employee's compensation for retirement purposes does not include a multiplier or other special salary allowance used to increase the employee's salary as authorized by the General Assembly, including without limitation the special salary allowances authorized under § 23-115-306.
 
[5] The Code contains no express definition of the term "salary" as used in the generally applicable provisions under APERS for calculating employer contributions and employee retirement benefits.
[6] See, e.g., Donoho v. Donoho,318 Ark. 637, 887 S.W.2d 290 (1994).
[7] You have not asked, and I will not address, whether any other federal law might be implicated in the calculation of employer contributions and retirement benefits under APERS. Given that this office is not charged with interpreting federal law, any questions regarding the possible application of federal law outside the context of the federal provision just recited should be directed to the office of the U.S. Attorney.
[8] The Arkansas Supreme Court has stated that agency interpretations of statutes are afforded great deference, even though they are not binding. ACW Inc. v. Weiss,329 Ark. 302, 947 S.W.2d 770 (1997); Arkansas State MedicalBoard v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996). The interpretation given a statute by the agency charged with its execution is highly persuasive and while not conclusive, will be upheld unless clearly wrong. See Macsteel, ParnellConsultants v. Ark. Ok. Gas Corp.,363 Ark. 22, 210 S.W.3d 878 (2005); McClane Co.,Inc. v. Davis, 353 Ark. 539, 110 S.W.3d 251 (2003); ArkansasState Medical Board v. Bolding, supra.
 *Page 1