The Honorable Darrin Williams State Representative
11311 Cade Drive, Suite 200 Little Rock, Arkansas 72212-4082
Dear Representative Williams:
I am writing in response to your request for my opinion on the following questions:
 1. With the changes recently enacted through Act 520 of 2011, is it legally permissible, under the provisions of A.C.A. §§ 22-3-301 through -313, for the Little Rock District Court to exercise jurisdiction over enforcement of Capitol Zoning District zoning regulations?
 2. If not, will an agreement between the City and the Commission providing for such authority by the Little Rock District Court be sufficient to accomplish that objective?
 3. Are any other provisions of A.C.A. § 22-3-301 through -313, in conflict with the provisions of Act 520 of 2011?
RESPONSE
In my opinion, the relevant statutes are too unclear to give a definitive answer to your first question. Legislative clarification is warranted. The answer to your second question is "no." As for the third question, there does not appear to be any "conflict" betweenAct 520 of 2011 and the statutes you reference. *Page 2 
DISCUSSION
Question 1: With the changes recently enacted throughAct 520 of 2011, is it legally permissible under the provisionsof A.C.A. §§ 22-3-301 through -313, for the Little Rock District Court toexercise jurisdiction over enforcement of Capitol Zoning District zoningregulations?
Act 520 of 2011 added the following underlined provisions to A.C.A. § 22-3-308:
 AN ACT TO CLARIFY THE AUTHORITY OF THE CAPITOL ZONING DISTRICT COMMISSION; AND FOR OTHER PURPOSES. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:
 SECTION 1. Arkansas Code § 22-3-308(b), concerning the authority of the Capitol Zoning District Commission, is amended to read as follows:
 (b)(1) Subject to the requirements of due process and consistent with any applicable federal restrictions and regulations as in effect on January 1, 2011, the The commission may enter into agreements with the City of Little Rock providing for mutual cooperation and joint regulation within the district with respect to planning and zoning; permission to build upon or otherwise use land; the enforcement through stop work orders, citations, fines, and inspection to ensure compliance of building, safety, zoning, and health codes and inspection to ensure compliance therewith; and other matters within the jurisdiction of the commission.
 (2) Such agreements An agreement under subdivision (b)(1) of this section
between the City of Little Rock and the commission may not cede the commission's final authority and responsibility over the matters entrusted to it by law.
Act 520 apparently was intended to permit the Capitol Zoning District Commission and the City of Little Rock to enter into certain agreements about *Page 3 
zoning regulations and to permit those regulations to be enforced by stop-work orders, citations, and fines.
State law — specifically, A.C.A. § 22-3-310(a) (Repl. 2004) — clearly reflects the General Assembly's intent for disputes about the enforcement of the Commission's regulations to be heard in circuit court: "Any person aggrieved by any rule, regulation, decision, or order of the Capitol Zoning District Commission may appeal the action to the Circuit Court of Pulaski County."
In light of this, your question can be read in two different ways. First, you may be asking whether, despite the foregoing statute,Act 520 of 2011 gives the Little Rock District Court (LRDC) jurisdiction over disputes about the enforcement of the Commission's zoning regulations. The answer to this seems to be clearly "no." The reason for such a conclusion is that when A.C.A. § 22-3-310(a) is read according to standard rules of statutory construction, it vests exclusive
jurisdiction in the Circuit Court of Pulaski County to hear disputes about the Commission's zoning regulations. The Arkansas Supreme Court has explained that, under the principle of expressio unius estexclusio alterius, "the express designation of one thing may properly be construed to mean the exclusion of another."[1] Applying this principle to subsection 22-3-310(a) requires that we interpret that subsection as establishing two things: the Circuit Court of Pulaski County has jurisdiction to hear disputes about Commission's activities, and no other court has such jurisdiction.
The other way to read your question is as asking whether Act 520 somehow gave the LRDC jurisdiction to hear a City of Little Rockordinance that mirrored some agreement between the City and the Commission. This is a closer question than the question about whether the LRDC has authority to adjudicate a dispute about a Commissionregulation. Ultimately, I cannot resolve this question. Legislative clarification is needed because there are opposing, and fairly evenly weighted, arguments.
I will start by outlining the argument for the conclusion that Act 520 did give the LRDC such authority. (I will call this the "affirmative argument" and "affirmative conclusion," respectively.) This argument concedes that Act 520 did not expressly grant the LRDC authority over City ordinances pertaining to the capital zoning district. Instead, one might argue, Act 520 implicitly grants that authority by *Page 4 
referencing "stop work orders, citations, [and] fines." Because the General Assembly has the power to establish the criminal jurisdiction of district courts, [2] someone might argue that Act 520's reference to "stop work orders, citations, [and] fines" invokes review by the Little Rock District Court. (Currently, pursuant to A.C.A. § 16-88-101(a)(4), the District Court has jurisdiction over violations of Little Rock ordinances.[3])
Such an argument rests on the crucial assumption that, given the City's current jurisdiction over ordinance violations, the legislature intended to authorize the adoption of a City ordinance incorporating the agreed-to Commission regulation (or regulations), thereby triggering District Court jurisdiction over violations of such an ordinance.
The affirmative argument (and its assumption) each have some merit when considered in light of the combined weight of two facts. First, a review of the statutes pertaining to the Commission shows that the Commission has never been granted independent authority to impose fines. Second, when Act 520 was enacted, the City had an entire apparatus of zoning enforcement (which included fines) and an adjudicatory process for that enforcement.
Nevertheless, there is an opposing answer to your question that maintains Act 520 did not authorize the LRDC to adjudicate enforcement disputes. This conclusion is supported by a two-part argument. First, the proponent of the negative conclusion would argue that Act 520 does not expressly give the LRDC authority to hear a City ordinance pertaining to the capitol zoning district. Second, he would argue that the assumption behind the affirmative argument is groundless because the assumption contradicts another provision in Act 520. I will expand each part.
The first part of this argument does not need much expansion because it is self-evident that Act 520 does not expressly give the LRDC authority over such matters. Act 520 does not even mention the LRDC. Indeed, it does not mention any adjudicatory process. *Page 5 
As for the second part of the argument, one might argue that the affirmative assumption conflicts with A.C.A. § 22-3-308(b)(2), which is set out above. Under that statute, any agreement between the Commission and the City cannot "cede the [C]ommission's final authority and responsibility over the matters entrusted to it by law." This means that, among other things, within the capitol zoning district, the City's enforcement actions are always subject to the Commission's "final authority and responsibility." And whether a person has in fact violated an agreed-to Commission regulation is a matter within the Commission's authority. Thus, the argument would go, it appears that — regardless of whether the City passed the kind of ordinance referenced above — any person aggrieved by the City's attempts to enforce that action should go to the Commission and follow its procedures for administratively resolving the dispute. And if the person is still not satisfied, then their remedy is set out in state law: "Any person aggrieved by any rule, regulation, decision, or order of the Capitol Zoning District Commission may appeal the action to the Circuit Court of Pulaski County."[4]
In sum, there are two, opposed answers to your question. And those two answers are supported by, what seem to me to be, fairly evenly weighted arguments. Accordingly, I cannot conclusively opine on the matter. Legislative clarification is warranted.
Question 2: If not, will an agreement between the City and theCommission providing for such authority by the LittleRock District Court be sufficient to accomplish that objective?
No, see the discussion above. Additionally, courts cannot acquire subject-matter jurisdiction by agreement among the people in the dispute.[5]
Question 3: Are any other provisions of A.C.A. 22-3-301 through-313, in conflict with the provisions of Act 520 of 2011?
Because Act 520 of 2011 "amends" a portion of section 22-3-308, the Act cannot be said to "conflict with" that provision. Accordingly, I am not entirely sure what you mean by asking whether there are "any other provisions" that "conflict with" Act 520. The question whether Act 520 effects a repeal by implication or an *Page 6 
amendment by implication of the other provisions in A.C.A. §§ 22-3-301 through -313 depends on the answer one gives to your first question.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] MacSteel Div. of Quanex v. Arkansas Oklahoma Gas Corp.,363 Ark. 22, 31, 210 S.W.3d 878, 883 (2005).
[2] Ark. Const. amend. 80, §§ 7, 10.
[3] This statute establishes that jurisdiction as follows: "The district court shall have original jurisdiction, exclusive of the circuit court, for the trial of violations of ordinances of any town, city, or county within the territorial jurisdiction of the district court and shall have original jurisdiction concurrent with the circuit court for the trial of offenses defined as misdemeanors and violations by state law and committed within the territorial jurisdiction of the district court."
[4] A.C.A. § 22-3-310(a).
[5] E.g., 21 C.J.S. Courts § 84 ("If a court has no jurisdiction of the . . . subject matter in a particular case, such jurisdiction cannot be conferred by consent, agreement, or conduct of the parties."). *Page 1