Paul E. Danielson, Justice, dissenting. ISI respectfully dissent. I disagree with the majority’s holding that this is not a proper declaratory-judgment action. Declaratory judgments are used to determine the rights and liabilities of respective parties. Nelson v. Ark. Rural Med. Practice Loan & Scholarship Bd., 2011 Ark. 491, 385 S.W.3d 762 (citing Stilley v. James, 345 Ark. 362, 48 S.W.Sd 521 (2001)). The purpose of-the declaratory-judgment statutory scheme “is to settle and to afford relief from uncertainty and insecurity .with respect to rights, status, and other legal relations.” Nelson, 2011 Ark. 491, at 11, 385 S.W.3d at 769 (quoting Ark.Code Ann. § 16-111-102 (Repl. 2006)). In order to obtain declaratory relief, the requisite precedent facts . or conditions generally held to be required are as follows: (1) [A] justiciable controversy, that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) .the issue involved in the- controversy must be ripe for judicial determination. Nelson, 2011 Ark. at 11, 385 S.W.3d at 769 (quoting MacSteel Div. of Quanex v. Ark Okla. Gas Corp,, 363 Ark. 22, 35, 210 S.W.3d 878, 886 (2005)). The majority holds that there is no justi-ciable controversy, and therefore, this case does not meet, the first requirement for a declaratory-judgment action. After this determination, the majority finds it unnecessary to discuss the three remaining requirements.- I would hold that all of the requirements for a declaratory-judgment action have been met. |7First, I do not agree that- there is no justiciable controversy in this case. There is clearly a present and ongoing injury to the Hospitals in that the Arkansas Peer Review Fairness Act (the “Act”) creates new standards with which the Hospitals must comply during the peer-review process. The prejudice to the Hospitals’ position is “actual and genuine and not merely possible, speculative, contingent, or remote.” Jegley v. Picado, 349 Ark. 600, 618, 80 S.W.3d 332, 340 (2002) (quoting Cummings v. City of Fayetteville, 294 Ark. 151, 155, 741 S.W.2d .638, 640 (1987)). Because a justiciable controversy exists, I would address the remaining requirements for a declaratory-judgment action. The Hospitals have a legal interest in this controversy because, if the Act is constitutional, then they could be subject to liability by failing to comply. Conversely, if the Act is unconstitutional, they are being forced to comply with unconstitutional law. The Arkansas Attorney General has an adverse legal interest in defending the constitutionality of the State’s statutes. The Arkansas Department of Health and Dr. Smith have an interest pursuant to the authority granted to the Department and its Director to promulgate rules and regulations applying to hospitals. Finally, the issues are ripe for judicial determination because they are based on present and ongoing injuries to the Hospitals, and not future, hypothetical events. Because this case is a proper declaratory-judgment action, I would reach the issues presented on direct appeal.